**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

MINUANO COMUNICAÇÕES E PRODUÇÕES          Chapter 15
EDITORIAS LTDA., DIÁRIO DE SÃO PAULO
COMUNICAÇÕES LTDA., EDITORA FONTANA        Case No.:
LTDA., AND CEREJA SERVIÇOS DE MIDIA
DIGITAL LTDA.

      Debtors in a Foreign Proceeding.
_____/

**VERIFIED MOTION FOR ORDER GRANTING**
**RECOGNITION OF FOREIGN MAIN PROCEEDING**
**PURSUANT TO §§ 1515 AND 1517 OF THE BANKRUPTCY CODE**

      Joice Ruiz Bernier, representative of AJ Ruiz Consultoria Empresarial Ltda. (the

"Foreign Representative"), the duly appointed foreign representative of Minuano Comunicações

e Produções Editorias Ltda., Diário de São Paulo Comunicações Ltda., Editora Fontana Ltda.,

and Cereja Serviços de Midia Digital Ltda. (the "Debtors"), files this *Verified Motion for Order*

*Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the*

*Bankruptcy Code* (the "Verified Motion"), seeking entry of an Order granting (i) recognition of

the Debtors' bankruptcy proceedings pending before Second Bankruptcy Court for Central Civil

Court in the District of São Paulo, São Paulo, Brazil (the "Brazilian Court"), Case No. 1108283-

38.2016.8.26.0100 (the "Brazilian Proceeding"),  pursuant to 11 U.S.C. § 1517[1]; (ii) related

relief pursuant to sections 1520 and 1521 of the Bankruptcy Code; and (iii) any other and further

relief which may be available under the Bankruptcy Code.  In support of this Verified Motion,

_____
[1] Unless otherwise specified herein, all statutory references shall be to Title 11 U.S.C. §
101 *et seq.* (the "Bankruptcy Code").

the Foreign Representative respectfully states as follows:

## PRELIMINARY STATEMENT

1.  The Foreign Representative files this Verified Motion for Recognition of a Foreign Proceeding (the "Verified Motion") pursuant to section 1504 of the Bankruptcy Code seeking recognition of the Brazilian Proceeding as a "foreign main proceeding" as defined in section 1502(4).

2.  The Declaration of Joice Ruiz Bernier (the "Declaration"), made under penalty of perjury, addressing the requirements of § 1515(c) and Federal Rule of Bankruptcy Procedure 1007(a)(4), is attached hereto as **Exhibit "A".**

3.  The Order placing Debtors Minuano Comunicações e Produções Editorias Ltda. and Editora Fontana Ltda., into involuntary bankruptcy, the Order extending the bankruptcy proceeding and incorporating Diário de São Paulo Comunicações Ltda. and Cereja Serviços de Midia Digital Ltda., as debtors, and the Order appointing AJ Ruiz Consultoria Empresarial Ltda, represented by Joice Ruiz Bernier, as the Foreign Representative of the Debtors are attached to the Declaration. *See* Ex. A.

4.  The Debtor's Statement of Corporate Ownership under Fed. R. Bankr. P. 1007(a)(4) and 7007.1 is attached hereto as **Exhibit "B"**.

5.  The Petition, this Verified Motion, and the accompanying Declaration thereto demonstrate that the Brazilian Proceeding should be recognized as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

6.  The Foreign Representative seeks the type of relief that chapter 15 was designed to provide, and the Brazilian Proceeding and this Petition meet all the requirements for recognition and the requested relief.

## JURISDICTION AND VENUE

7.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b) and sections 109 and 1501 of the Bankruptcy Code.

8.      This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and the Court may enter a final order consistent with Article III of the United States Constitution.

9.      The city of São Paulo, São Paulo, Brazil is the Debtors' center of main interests, where they are incorporated and maintain their principle places of business.

10.     Venue is proper in this district under 28 U.S.C. § 1410 as, among other things, the Debtors have approximately US$1,500 deposited on retainer with Sequor Law, P.A.

## BACKGROUND AND BASIS FOR RECOGNITION

11.     The Declaration sets forth in detail the background and basis for recognition. *See* Ex. A.

12.     The Foreign Representative has satisfied each of the requirements for recognition of the Debtor and the Trustee under Chapter 15 of the Bankruptcy Code, as follows:

(a)     The Foreign Representative qualifies as a "foreign representative" under section 101(24) of the Bankruptcy Code by virtue of his appointment as judicial administrator by the Brazilian Court, which grants him the power to, among other things, investigate the assets of the Debtors and of related entities, marshal the assets of the Debtors, and if necessary, pursue causes of action for the benefit of creditors.

(b)     The Brazilian Proceeding qualifies as a "foreign proceeding" as defined in 11 USC § 101(23) and 1502(4), because it is a collective judicial proceeding under which Debtors' assets and affairs are subject to the supervision of the Brazilian Court for the purpose of the bankruptcy. *See Id.*

(c)     The Brazilian Proceeding further qualifies as a "foreign main proceeding" because the Brazilian Proceeding is a foreign proceeding pending in Brazil, which is the Debtors' center of main interests. *See Id.*

(d)     To the extent section 109(a) of the Bankruptcy Code applies in Chapter 15 cases, the Debtors qualify as a "debtor" under section 109(a) because the Debtors are the subject of a foreign proceeding and have assets in the United States, which include a retainer on deposit with the Sequor Law, P.A. law firm.

(e)     Lastly, this Verified Motion is accompanied by the Brazilian Court's Order Order placing Debtors Minuano Comunicações e Produções Editorias Ltda. and Editora Fontana Ltda., into involuntary bankruptcy, the Order extending the bankruptcy proceeding and incorporating Diário de São Paulo Comunicações Ltda. and Cereja Serviços de Midia Digital Ltda., as debtors, and the Order appointing AJ Ruiz Consultoria Empresarial Ltda, represented by Joice Ruiz Bernier, as the Foreign Representative of the Debtors . *See* Ex. A.  Further, the Statements required by Rule 1515(c) and Fed. R. Bankr. P. 1007(a)(4) are being filed together herewith. *See* Ex. B.

## RELIEF REQUESTED

2.     By this Verified Motion, the Foreign Representative respectfully requests an Order pursuant to sections 105(a), 1507, 1517, 1520 and 1521 of the Bankruptcy Code, substantially in the form of the Proposed Order, attached hereto as **Exhibit "C"**, granting the following relief:

(a)     Recognizing the Brazilian Proceeding as a "foreign main proceeding" and the Foreign Representative as the foreign representative of the Debtors.

(b)     Granting the relief allowable as of right upon recognition of a foreign main

proceeding under section 1520 of the Bankruptcy Code;

(c)     Granting the following additional relief under section 1521 of the Bankruptcy Code:

(1)     staying the commencement or continuation of any action or proceeding without the consent of the Foreign Representative concerning rights, obligations or liabilities of the Debtors, the Debtors' estate to the extent not stayed under section 1520(a) of the Bankruptcy Code;

(2)     staying execution against the Debtor to the extent not stayed under § 1520(a);

(3)     suspending the right to transfer or otherwise dispose of any assets of the Debtors to the extent this right has not been suspended under section 1520(a);

(4)     providing for the examination of witnesses, the taking of evidence, and the delivery of information concerning the assets, affairs, rights, obligations or liability of the Debtors, the Debtors' estate under § 1521(a)(4), the Federal Rules of Bankruptcy Procedure, including Fed. R. Bankr. P. 2004, and Local Rule 2004-1;

(5)     entrusting the administration or realization of all of the assets of the Debtors' within the territorial jurisdiction of the United States to the Foreign Representative;

(6)     entrusting the distribution of all or part of the assets of the Debtor located within the United States to the Foreign Representative;

(7)     otherwise granting comity to and giving full force and effect to the Orders of the Brazilian Court attached in Ex. A; and

(d)     granting the Foreign Representative such other and further relief as this Court may deem just and proper.

## CONCLUSION

WHEREFORE, the Foreign Representative respectfully requests that the Court enter an

Order granting the relief requested herein and such other and further relief as the Court deems

just and proper.

### 28 U.S.C. § 1746 VERIFICATION

I verify under penalty of perjury under the laws of the United States of America that the

foregoing Verified Motion is true and correct.

Executed in _____ on September ____, 2019

_____

Joice Ruiz Bernier as representative of
AJ Ruiz Consultoria Empresarial Ltda.

Dated: September 25, 2019                    Respectfully submitted,

**SEQUOR LAW, P.A.**
1001 Brickell Bay Dr., 9th Floor
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
Email: alacayo@sequorlaw.com
          bdecamargo@sequorlaw.com

By:    /s/ Arnoldo B. Lacayo
        Arnoldo B. Lacayo
        Florida Bar No.: 675482
        Bruno de Camargo

Florida Bar No.: 117588



**19° CARTÓRIO**
Oficial de Registro Civil das Pessoas Naturais
19ª Subdistrito - Perdizes - São Paulo - SP

Sinara Ieda Pizza
Oficiala Designada
Rua Monte Alegre, 342 - Perdizes - São Paulo - SP
Fone: (11) 3864-4550 / (11) 3675-8556

Reconheço, por autenticidade, a firma de: (1) JOICE RUIZ BERNIER, conforme assinatura aposta em minha presença. Registrada no livro nº 683, fls. nº 24-V, sob nº 233.

São Paulo, 26 de setembro de 2017.
Em testemunho da verdade.

Selo(s): 1 Ato:RAAA-0435915
Por firma R$ 16,00 : Total R$ 16,00 : 200250851054450016714P-002003
JOSÉ MAURÍCIO DE OLIVEIRA - Substituto da Oficiala

# <u>**EXHIBIT A**</u>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

MINUANO COMUNICAÇÕES E PRODUÇÕES          Chapter 15
EDITORIAS LTDA., DIÁRIO DE SÃO PAULO
COMUNICAÇÕES LTDA., EDITORA FONTANA       Case No.:
LTDA., AND CEREJA SERVIÇOS DE MIDIA
DIGITAL LTDA.

Debtors in a Foreign Proceeding.
_____/

## DECLARATION OF THE FOREIGN REPRESENTATIVE IN SUPPORT OF CHAPTER 15 PETITION FOR RECOGNITION OF A FOREIGN PROCEEDING

I, Joice Ruiz Bernier, hereby declare as follows:

1.      I am over the age of 18 and I am competent to make this Declaration.  All statements contained herein of the Debtors' operations and financial condition are true to the best of my knowledge, my review of the relevant documents and from conversations with relevant personnel.  If called upon, I could testify as to all matters set forth in this declaration based upon my own personal knowledge, except for those portions specified as being otherwise. Though Portuguese is my native language, I am sufficiently proficient in written English to make this Declaration in English.

2.      This Declaration is submitted in support of the Chapter 15 Petition for Recognition of a Foreign Proceeding (the "Petition") and the Verified Motion for Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code (the "Verified Motion"), seeking entry of an Order granting (i) recognition of the Brazilian Proceeding (as defined below) as a "foreign main proceeding" pursuant to section 1517 of the

Bankruptcy Code; (ii) related relief under sections 1520, 1521; and (iii) other applicable relief under the Bankruptcy Code.

3.      On September 29, 2016, a petition for involuntary bankruptcy was filed by MINUANO COMUNICAÇÕES E PRODUÇÕES EDITORIAS LTDA.'s ("Minuano") creditors with the Second Bankruptcy Court for Central Civil Court in the District of São Paulo, São Paulo, Brazil (the "Brazilian Court"), Case No. 1108283-38.2016.8.26.0100, requesting the Brazilian Court declare Minuano bankrupt pursuant to applicable Brazilian law (the "Brazilian Proceeding"). On April 4, 2017, the Brazilian Court entered an order declaring Debtor-Minuano bankrupt under Brazilian law (the "Bankruptcy Order"). A true and correct copy of the Bankruptcy Order is attached hereto as **Exhibit "1"**.

4.      The Bankruptcy Order appointed Satiro e Ruiz Advogados Associados, represented by me, as the Judicial Administrator for the Bankruptcy Estate of the Minuano Bankruptcy Estate.[1]

5.      On January 22, 2018, the Brazilian Court extended the Brazilian Proceedings to include Debtors DIÁRIO DE SÃO PAULO COMUNICAÇÕES LTDA., EDITORA FONTANA LTDA., and CEREJA SERVIÇOS DE MIDIA DIGITAL LTDA (collectively with Minuano, the "Debtors") (the "Bankruptcy Extension Order"), pursuant to Brazilian law. A true and correct copy of the Bankruptcy Extension Order is attached hereto as **Exhibit "2"**.

6.      In its Bankruptcy Extension Order, the Brazilian Court identified that the Debtors operated out of the same offices under the supervision of the same management team and

---

[1] On July 16, 2018, the Brazilian Court entered a subsequent order replacing Satiro e Ruiz Advogados Associados as the Judicial Administrator with AJ Ruiz Consultoria Empresarial Ltda., but maintaining Joice Ruiz Bernier as representative of the new Judicial Administrator entity.

utilized the same employees and assets.   In addition, witness testimony was provided to corroborate these findings. *See* Exhibit 2.

7.       On October 11, 2018, the Brazilian Court approved my request to initiate ancillary proceedings here in the United States, and tasked me as the representative of the judicial administrator to hire U.S.-based attorneys and initiate applicable judicial measures within the United States (the "Appointment Order").   A true and correct copy of the Appointment Order is attached hereto as **Exhibit "3"**.

8.       Accordingly, I am qualified under Brazilian law to serve as foreign representative for the Debtors' bankruptcy proceeding and have the explicit authority to act as the Debtors' foreign representative to seek Chapter 15 recognition of the Brazilian Proceeding.

9.       For the reasons set forth below, I am advised of the following: (i) that I am a duly appointed "foreign representative" of the Brazilian Proceeding; (ii) that the Brazilian Proceeding constitutes a "foreign main proceeding" within the meaning of section 101(23) and (24) of the Bankruptcy Code, respectively; and (iii) that this case was properly commenced in accordance with the requirements to be recognized as a "foreign main proceeding" under the United States Bankruptcy Code.

### Background

10.      The Debtors are part of a publishing, printing, and media group owned by Mário Florêncio Cuesta ("Mario") and his ex-wife Giane Viana Cuesta (collectively with Mario, the "Cuestas"), and indirectly controlled by Mario in behalf of them both.   The Debtors were all incorporated in São Paulo, São Paulo, Brazil, at different times.

11.      Debtor Minuano was a big magazine publisher in Brazil, incorporated in 2004 by Nilson Luiz Festa ("Festa"), who was the majority shareholder and controller of Minuano up to

and until he sold his interests to Mario. Festa remains the shareholder on record, but control of Minuano has been transferred to Mario.

12.     Debtor Diário de São Paulo ("Diario SP") was a longstanding Brazilian newspaper that was founded in 1884, and which was owned by Debtor Cereja Serviços de Mídia Digital LTDA ("Cereja Servicos") and its sister company Cereja Ativação Digital S/A (collectively, "Cereja Companies") at all relevant times.

13.     The Cuestas progressively expanded their business holdings, ultimately acquiring controlling interests in the Cereja Companies by the first quarter of 2012. Cereja Servicos was the direct controller of Diario SP.

14.     Similarly, it is believed that Debtor Editora Fontana was purchased by the Cuestas in 2011 from Vilson Fontana Ramos, who remained the majority shareholder of record, but was actually holding that position for the benefit of the Cuestas.

15.     By the time of the involuntary bankruptcy proceedings, the headquarters of the Debtors (except Editora Fontana) had been consolidated to the same address: 1011 Marques de São Vicente Avenue, São Paulo, São Paulo, Brazil[2].

16.     In addition, in 2001 the Cuestas incorporated a printing company named GMA Editora LTDA ("GMA") in São Paulo, São Paulo, Brazil  and acquired Singular M C Participações LTDA ("Singular") in 2011, and subsequently changed Singular's name to PHFC Participações LTDA ("PHFC") in 2014.

17.     Under the ownership and control of the Cuestas, Singular purchased a large industrial plant in Jarinú, a town near the city of São Paulo, which would eventually become an

---

[2]     Debtor Editora Fontana has also been headquartered temporarily at 1011 Marques de São Vicente Avenue, São Paulo, São Paulo, Brazil between May 25, 2015 to February 1, 2016, when it moved out to 3751 Estrada Municipal (JAR-363) Cipriano Perobelli, warehouse 1, Maracanã, Jarinú, São Paulo, Brazil.

office for GMA, Singular/PHFC, as well as the Debtors, and was the headquarters for Editora Fontana.

18.     The Cuestas divorced on late 2012 and apportioned their common interests over the companies so that Mario withdrew from Singular/PHFC and assigned his interests to Giane, and Giane withdrew from the Cereja Companies and from GMA assigning her interests on them to Mario. Despite the divorce and the apportionment of the interests on the companies this way, Giane remained a beneficiary of them *de facto*.

### Brazilian Bankruptcy Proceedings

19.     As set forth above, one of Minuano's creditors filed a petition to place Minuano into involuntary bankruptcy on September 29, 2016, under the laws of Brazil in the city of São Paulo, in the state of São Paulo, and the Brazilian Court entered the Bankruptcy Order on April 4, 2017.

20.     Five days after the initiation of the Brazilian Proceedings, Minuano and Editora Fontana petitioned for a joint judicial reorganization in a different court, which was ultimately denied after the judicial administrator for those proceedings was unable to identify any business activities for the two debtors.

21.     Upon the investigation of Minuano's business for the underlying Brazilian Proceedings, it was determined that the Debtors were all located in the same building, operated using the same group of employees and machinery, were all under the control of the same management team, and that there was comingling of funds between the Debtors.

22.     Subsequently, pursuant to Brazilian law, I sought to extend the Bankruptcy Proceedings to include Diário SP, Cereja Servicos, and Editora Fontana as Debtors.

23. On January 22, 2018, the Brazilian Court granted the petition and issued the Extension Order, creating the current group of Debtors.

24. The Debtors appealed the Extension Order, but the Brazilian Court of Appeals for the State of São Paulo affirmed the Bankruptcy Court's ruling on June 20, 2018 ("Order Affirming Extension"). A true and correct copy of the Order Affirming Extension is attached hereto as **Exhibit "4"**.

25. Additionally, there is a pending application to extend the Bankruptcy Proceedings further to include additional parties: Mario Cuesta, Giane Cuesta, Thiago Zulato Mascaro, João Alberto Rômboli, Vilson Fontana Ramos, Nilson Luiz Festa, Cereja Ativação Digital S/A, PHFC, and New Job Communicação EIRELI (collectively, the "Second Extension Parties").

26. On October 8, 2018, the Brazilian Court granted an order freezing all the assets of the Second Extension Parties based on the information provided by me.

### Debtors' Assets and Patrimonial Confusion

27. As a matter of course under Brazilian law, when bankruptcy is declared, the judicial administrator must immediately wind up the company and gather all identifiable assets under custody for future sale.

28. In carrying out these obligations under Brazilian law, I seized a number of properties and assets, including Editora Fontana's headquarters, and a helicopter said to have been owned by Diario SP.

29. The ownership of certain Debtor assets were challenged by non-Debtor entities such as Cereja Ativação Digital S/A (Cereja Servicos' sister company) and PHFC. As a result, limited discovery and investigations into the issue revealed that the Cuestas, and Mario Cuesta in particular, were the ultimate beneficial owners of the Debtors, that Mario (despite not being

identified as shareholders to the Debtors) were instructing the directors of the Debtors on how to proceed, and that the Cuestas financed a lavish lifestyle through the use of the Debtors' assets— monetary and physical.

30.    Investigations into the Debtors suggest that assets were diverted overseas to banks in Miami and New York.

## Grounds for Recognition

31.    The October 11, 2018, Appointment Order expressly permits ancillary bankruptcy proceedings abroad.

32.    As stated above, there was sufficient evidence presented to the Brazilian Court to extend the Brazilian Proceedings from Minuano alone to the Debtors collectively. It is believed, based on investigations outside the United States, that assets of the Debtors were diverted to banks in Miami and New York. As foreign representative, I am charged with the obligation to investigate the business affairs and dealings of the Debtors' principals, and other relevant related entities to, without limitation, reconstruct their affairs in relation to the Debtor and the resulting Brazilian Proceeding.

33.    I intend to investigate the nature and extent of any activities undertaken in the United States that may be related to the Debtors and their assets, as well as any assets in the United States that may have been acquired using funds belonging to the Debtors.

34.    Thereafter, I am charged with the responsibility to file proceedings and assert proprietary claims that may be available in the United States against any third parties that are subject to suit and may have damaged or owe money to the Debtors in the United States.

35.     Such proceedings and actions will permit creditors of the Debtors further recovery opportunities in order to realize from assets or claims of the Debtors and maximize recovery on account of creditor claims.

[THIS PORTION INTENTIONALLY LEFT BLANK]

## Compliance with Federal Rule of Bankruptcy Procedure 1007(a)(4)

36.     I hereby file the following information in accordance with Federal Rule of Bankruptcy Procedure 1007(a)(4) :

    a.     I, Joice Ruiz Bernier, am duly appointed in the Brazilian Proceeding as the foreign representative of the Debtors.

    b.     My address is as follows:

> AJ Ruiz Consultoria Empresarial Ltda.
> Rua Lincoln Albuquerque, 259, CJ. 131
> Perdizes, São Paulo, São Paulo, Brazil
> CEP 05004-010

For purposes of this proceeding, I respectfully request that any correspondence be sent, in addition to the address provided above, to:

> Attn: Arnoldo Lacayo
> Bruno de Camargo
> Sequor Law, P.A.
> 1001 Brickell Bay Drive, 9th Floor
> Miami, Florida 33131

    c.     The Debtors are not a party to litigation in the United States.

    d.     No provisional relief is being sought under 11 U.S.C. § 1519 against any particular entity or person at this time. However, I reserve the right to seek provisional relief as needed.

## Section 1515(c) Statement

37.     I am not aware of any foreign proceedings, as that term is defined under section 101(23) of the Bankruptcy Code, of the Debtors other than this Chapter 15 Petition at this time.

I, Joice Ruiz Bernier, declare under penalty of perjury under the laws of the United States of America, 28 U.S.C. §1746, that I am the Judicial Administrator of the Debtors' insolvency proceeding and that, in such capacity, I have the authority to make this Declaration; that I have read the foregoing Declaration; and that the facts and matters alleged and contained herein are true and correct to the best of my knowledge and belief, based upon my own personal knowledge of the facts involved and upon my review of the available documents pertaining to the Debtors.

Dated this ____day of September, 2019

_____

Joice Ruiz Bernier as representative of
AJ Ruiz Consultoria Empresarial Ltda.
*Foreign Representative of the Debtors*



# EXHIBIT 1



## REPÚBLICA FEDERATIVA DO BRASIL
## ESTHER EVA HOROVITZ
**Tradutora Pública Juramentada nos Idiomas: INGLÊS – ESPANHOL – FRANCÊS**
**Matrícula nº 887 na Junta Comercial do Estado de São Paulo**
Av. Paulista, 352 – 8°Andar – CEP: 01310-000
Telefone/Fax: (11) 3287-3200 – São Paulo – SP

| LIVRO Nº 119 | FOLHA Nº 321 | TRADUÇÃO Nº 6115 |
|---|---|---|

I, **ESTHER EVA HOROVITZ**, Public Sworn Translator for the **PORTUGUESE, ENGLISH, FRENCH** and **SPANISH** languages, in and for the State of São Paulo, Brazil, certify that on this day, in this city of São Paulo, was submitted to me a text written in the **PORTUGUESE** language, which I hereby translate into the **ENGLISH** language, word for word, to the best of my knowledge and ability, as follows:

Page 120

[It contains the Coat of Arms of the Court of Justice for the State of São Paulo]

COURT OF JUSTICE FOR THE STATE OF SÃO PAULO
DISTRICT OF SÃO PAULO
CENTRAL CIVIL VENUE
2nd COURT OF BANKRUPTCIES AND COURT-SUPERVISED REORGANIZATION
PRAÇA JOÃO MENDES S/Nº, São Paulo - SP - ZIP CODE 01501-900
**Opening Hours: from 12:30 PM to 7:00 PM**

| CONCLUSION | | |
|---|---|---|
| On April 4, 2017 I sent these case records to Your Honor the Judge of the 2nd Court of Bankruptcies and Court-Supervised Restructuring, Dr. MARCELO Barbosa Sacramone. Me, Marcelo Barbosa Sacramone, Assistant Judge. | | |
| **JUDGEMENT** | | |
| Electronic Case File # | **1108283-38.2016.8.26.0100** | |
| Class – Subject: | **Bankruptcy of Businessmen, Companies, Microcompanies and Small Size Companies - Court-supervised Reorganization and Bankruptcy** | |
| Plaintiff: | **Aquarius Sbc Editora Ltda - Under Court-Supervised Reorganization** | |
| Defendant: | **Minuano Comunicações e Produções Editoriais Ltda.** | |

Legal Assistance

Judge: Dr. **Marcelo Barbosa Sacramone**

Checked.

**Aquarius Sbc Editora Ltda - Under Court-ordered Restructuring, of the Manifesto, 2726, Sala 2, Ipiranga - ZIP CODE 04209-002, São Paulo-SP, Tax Payer Number 00.618.809/0001-81** requested the Court to put into bankruptcy Minuano **Comunicações e Produções Editoriais Ltda., Marques de Sao Vicente, 1011, 1º andar - Sala 02, Varzea da Barra Funda - ZIP CODE 01139-003, São Paulo-SP, Tax Payer Number 06.176.979/0001-30** because of Subject of the Complaint << No information available >> which sum BRL 154,510.34.

The defendant has been personally served and filed no defense.

**This is the report. My decision follows.**

The requirements demanded by law for granting the relief are present since the plaintiff demonstrated protested unpaid enforceable bills, everything as provided by art. 94, I, of the Bankruptcy Law.



**REPÚBLICA FEDERATIVA DO BRASIL**
**ESTHER EVA HOROVITZ**
Tradutora Pública Juramentada nos Idiomas: **INGLÊS – ESPANHOL – FRANCÊS**
**Matrícula nº 887 na Junta Comercial do Estado de São Paulo**
Av. Paulista, 352 –  8ºAndar – CEP: 01310-000
Telefone/Fax: (11) 3287-3200 – São Paulo – SP

| **LIVRO Nº 119** | **FOLHA Nº 322** | **TRADUÇÃO Nº 6115** |
| --- | --- | --- |

Furthermore, duly served, the defendant filed no defense.

For this reason, I put into Bankruptcy **Minuano Comunicações e Produções Editoriais Ltda., Marques de Sao Vicente, 1011, 1º Andar - Sala 02, Varzea da Barra Funda - ZIP CODE 01139-003, São Paulo-SP, Tax Payer Number 06.176.979/0001-30, whose administrator is Antonio Correa, Tax Payer Number 073.036.068-74 and Nilson Luiz Festa, Tax Payer Number 446.744.490-49,** and I establish the legal term as being 90 days prior to the first notary protest for default of payment.

I also order the following:

1) a 15 days deadline for the proofs of credit, starting on the publication of the public notice provided on item 6;

2) suspension of actions and executions against the bankrupt party, with legal exceptions;

3) the prohibition of acts of disposal or encumbrance of assets belonging to the bankrupt party;

4) I appoint as Bankruptcy Trustee (art. 99, IX), the appointment, as Bankruptcy Trustee, **SATIRO E RUIZ ADVOGADOS ASSOCIADOS,** Tax Payer Number: 03.532.142/0001-98, located at Rua Turiaçu, 390, cj. 63, Perdizes, São Paulo/SP, ZIP CODE: 05005-000, represented by **Joice Ruiz**, for the purposes of art. 22, III, who shall be summoned only after the security deposit below is made, to sign the term of engagement, under the penalty of removal (articles 33 and 34).

5) Pursuant to the rationale contained in Ap. 003007-90.2009 ("Appeal. Bankruptcy. Default. Non-operant debtor company. Creditor who, after being summoned, denies being appointed as Bankruptcy Trustee and refuses to make a security deposit to guarantee the payment of the fees of an independent professional to be appointed for that office. Inexistence of Bankruptcy Trustee ad hoc. The office of a Bankruptcy Trustee is a legal prerequisite for the bankruptcy proceeding, which cannot waive its work. Interpretation of art. 99, IX, of Law #11.101/2005. Supplementary applicability of art. 19 of the Civil Procedure Code. Bankruptcy proceeding that must be declared extinct with no assessment of its merit pursuant to art. 267, VI, of the Civil Procedure Code. Appeal denied"), and to the necessity of the appointment of a trustworthy Bankruptcy Trustee, with professional practice and technical capability, **who cannot work on behalf of all the creditors with no remuneration, I establish the amount of BRL 5,000.00** as security deposit to be paid by the plaintiff of the bankruptcy proceeding, for the fees of the Bankruptcy Trustee, which shall be deposited within 48 hours under the penalty of termination of the bankruptcy proceeding for lack of procedural prerequisites of existence and validity.

6) The summon of the Public Prosecutor's Office, and the notification of the Public Treasury by letter;

7) Upon compliance with item 5 above, the bankrupt party shall be summoned to be deposed and to present the list of creditors, the public notice for proofs of credits/credits challenges, pursuant to art. 99, sole paragraph, being published afterwards.

Let it be published, recorded, and notified.



## REPÚBLICA FEDERATIVA DO BRASIL
### ESTHER EVA HOROVITZ
**Tradutora Pública Juramentada nos Idiomas: INGLÊS – ESPANHOL – FRANCÊS**
**Matrícula nº 887 na Junta Comercial do Estado de São Paulo**
Av. Paulista, 352 – 8°Andar – CEP: 01310-000
Telefone/Fax: (11) 3287-3200 – São Paulo – SP

| LIVRO Nº 119 | FOLHA Nº 323 | TRADUÇÃO Nº 6115 |
|---|---|---|

São Paulo, 4 April 2017.

> **DOCUMENT ELECTRONICALLY SIGNED PURSUANT TO THE PROVISIONS OF LAW #11,419/2006, ACCORDING TO THE STAMP PRINTED ON THE RIGHT MARGIN**

This document is a copy of the original one electronically signed by MARCELO BARBOSA SACRAMONE attached on the case file on 04/04/2017 at 4:18 PM.
To check the original one access the site at
https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, enter case file 1108283-38.2016.8.26.0100 and code 2EDFB99;

**1108383-28.2016.8.26.0100 - page 3**

Nothing further, **I CERTIFY** that the preceding is a true, faithful and unabridged rendering into English of the original Portuguese version.  In witness whereof, I set my hand and seal, on the date and in the city first mentioned.

São Paulo, 08 de março de 2019

**ESTHER EVA HOROVITZ**
**TRADUTORA JURAMENTADA**

CT – 4.498

INSCRIÇÃO - RG: 35.337.471-4 – CPF: 941.141.538-53 – PMSP (ISS) 2.154.680-0

fls. 120



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, São Paulo - SP - CEP 01501-900
**Horário de Atendimento ao Público: das 12h30min às19h00min**

### CONCLUSÃO

Em  04 de abril de 2017 faço estes autos conclusos ao MM. Juiz de Direito da 2ª Vara de Falências e Recuperações Judiciais, Dr. Marcelo Barbosa Sacramone. Eu, Marcelo Barbosa Sacramone, Juiz Substituto.

| SENTENÇA |
|---|

| | |
|---|---|
| Processo Digital nº: | **1108283-38.2016.8.26.0100** |
| Classe - Assunto | **Falência de Empresários, Sociedades Empresáriais, Microempresas e Empresas de Pequeno Porte - Recuperação judicial e Falência** |
| Requerente: | **Aquarius Sbc Editora Ltda - Em Recuperação Judicial** |
| Requerido: | **Minuano Comunicações e Produções Editoriais Ltda.** |

Justiça Gratuita

Juiz(a) de Direito: Dr(a). **Marcelo Barbosa Sacramone**

Vistos.

**Aquarius Sbc Editora Ltda - Em Recuperação Judicial, do Manifesto, 2726, Sala 2, Ipiranga - CEP 04209-002, São Paulo-SP, CNPJ 00.618.809/0001-81** pediu a falência de **Minuano Comunicações e Produções Editoriais Ltda., Marques de Sao Vicente, 1011, 1º Andar - Sala 02, Varzea da Barra Funda - CEP 01139-003, São Paulo-SP, CNPJ 06.176.979/0001-30**, em razão do Objeto da Ação << Nenhuma informação disponível >> que somam R$ 154.510,34

A ré foi citada pessoalmente e não apresentou contestação.

**É o relatório. Decido.**

Estão presentes os requisitos exigidos pela lei para o deferimento da pretensão, uma vez que a autora comprovou o protesto de títulos executivos, que não foram pagos, tudo  na forma do art. 94, I, da LRF.

Ademais, regularmente citada, a ré não apresentou contestação.

Pelo exposto, decreto a falência de **Minuano Comunicações e Produções Editoriais Ltda., Marques de Sao Vicente, 1011, 1º Andar - Sala 02, Varzea da Barra Funda - CEP 01139-003, São Paulo-SP, CNPJ 06.176.979/0001-30**, e **cujo administrador é Antonio Correa, CPF 073.036.068-74 e Nilson Luiz Festa, CPF 446.744.490-49**, fixando o termo legal em 90 dias contados do primeiro protesto por falta de pagamento.

**1108283-38.2016.8.26.0100 - lauda 1**

Este documento é cópia do original, assinado digitalmente por MARCELO BARBOSA SACRAMONE, liberado nos autos em 04/04/2017 às 16:18 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1108283-38.2016.8.26.0100 e código 2EDFB99.

fls. 121



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, São Paulo - SP - CEP 01501-900
**Horário de Atendimento ao Público: das 12h30min às19h00min**

Determino ainda o seguinte:

1) o prazo de 15 dias para as habilitações de crédito, a contar da publicação do edital previsto no item 6;

2) suspensão de ações e execuções contra a falida, com as ressalvas legais;

3) proibição de atos de disposição ou oneração de bens da falida;

4) Nomeação, **como administrador judicial (art. 99, IX), de** Nomeação, como administrador judicial, de **SATIRO E RUIZ ADVOGADOS ASSOCIADOS**, CNPJ: 03.532.142/0001-98, com endereço à Rua Turiaçu, 390, cj. 63, Perdizes, São Paulo/SP, CEP: 05005-000, representada por **Joice Ruiz,** para fins do art. 22, III, que deverá ser intimado somente após o depósito da caução abaixo, para que assine o termo de compromisso, sob pena de substituição (arts. 33 e 34).

5) Nos termos da fundamentação contida na Ap. 0003007-90.2009 ("Apelação. Falência. Impontualidade. Empresa devedora desativada. Credor que, intimado, afirma não aceitar o exercício do cargo de administrador judicial, nem concordar com a prestação de caução para remuneração de profissional liberal a ser nomeado para aquele cargo. Inexistência de previsão de administrador judicial dativo. A figura do administrador judicial é pressuposto da existência do processo de falência, que não pode prescindir de sua atuação. Inteligência do art. 99, IX, da Lei nº 11.101/2005. Aplicação subsidiária do art. 19 do CPC. Extinção do processo de falência, sem resolução de mérito, com fulcro no art. 267, VI, do CPC. Apelo não provido"), bem como da necessidade de nomeação de administrador judicial que seja idôneo, com atuação profissional e capacidade técnica, e que não pode trabalhar em prol de todos os credores sem remuneração, **fixo o valor de R$.5.000,00, a título de caução a ser recolhida pela requerente da falência,** para os honorários do administrador judicial, que deverá ser depositada no prazo de 48 horas, pena de encerramento da falência por ausência de pressuposto processual de existência e de validade.

6) Intimação do Ministério Público, comunicação por carta às Fazendas Públicas;

7) Cumprido o item 5 supra, será intimado o falido para prestar declarações e apresentar relação de credores, publicando-se em seguida o edital para habilitações/impugnações, nos termos do art. 99, parágrafo único.

P.R.I.

**1108283-38.2016.8.26.0100 - lauda 2**

Este documento é cópia do original, assinado digitalmente por MARCELO BARBOSA SACRAMONE, liberado nos autos em 04/04/2017 às 16:18. Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1108283-38.2016.8.26.0100 e código 2EDFB99.

fls. 122

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, São Paulo - SP - CEP 01501-900
**Horário de Atendimento ao Público: das 12h30min às19h00min**

São Paulo, 04 de abril de 2017.

DOCUMENTO ASSINADO DIGITALMENTE NOS TERMOS DA LEI 11.419/2006, CONFORME IMPRESSÃO À
MARGEM DIREITA

Este documento é cópia do original, assinado digitalmente por MARCELO BARBOSA SACRAMONE, liberado nos autos em 04/04/2017 às 16:18 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1108283-38.2016.8.26.0100 e código 2EDFB99.

**1108283-38.2016.8.26.0100 - lauda 3**

Esther Eva Horovitz
Tradutora Pública
Inglês - Espanhol - Francês
Nº 6115    Data 08/03/19
Av. Paulista, 352 - 8º andar - Bela Vista
São Paulo - SP  -  CEP 01310-000
Tel.: (11)  3287-3200

# EXHIBIT 2



**REPÚBLICA FEDERATIVA DO BRASIL**
**ESTHER EVA HOROVITZ**
**Tradutora Pública Juramentada nos Idiomas: INGLÊS – ESPANHOL – FRANCÊS**
**Matrícula nº 887 na Junta Comercial do Estado de São Paulo**
Av. Paulista, 352 – 8°Andar – CEP: 01310-000
Telefone/Fax: (11) 3287-3200 – São Paulo – SP

| LIVRO Nº 119 | FOLHA Nº 334 | TRADUÇÃO Nº 6121 |
|---|---|---|

I, **ESTHER EVA HOROVITZ**, Public Sworn Translator for the **PORTUGUESE, ENGLISH, FRENCH** and **SPANISH** languages, in and for the State of São Paulo, Brazil, certify that on this day, in this city of São Paulo, was submitted to me a text written in the **PORTUGUESE** language, which I hereby translate into the **ENGLISH** language, word for word, to the best of my knowledge and ability, as follows:

pg. 1817

[It contains the Coat of Arms of the Court of Justice for the State of São Paulo]
**COURT OF JUSTICE FOR THE STATE OF SÃO PAULO**
DISTRICT OF SÃO PAULO
CENTRAL CIVIL COURT
2nd COURT OF BANKRUPTCY AND COURT-SUPERVISED REORGANIZATION
PRAÇA JOÃO MENDES S/N°, São Paulo - SP – ZIP CODE 01501-900
**Opening Hours:** from 12:30 pm to 07:00 pm

0038352-28.2017.8.26.0100 - page 1

**JUDGMENT**

| Digital Process No. | **0038352-28.2017.8.26.0100** |
|---|---|
| Class – Subject: | **Proof of Claim – Court-Supervised Reorganization and Bankruptcy** |
| Plaintiff: | **Satiro e Ruiz Advogados Associados (Bankruptcy Trustee)** |
| Defendant: | **Cereja Serviços Mídia Digital Ltda and others** |

Trial Judge: Dr. **Marcelo Barbosa Sacramone**

Case records examined.

I reject the request made by MJB Comércio, Importação e Exportação Ltda, since it was incidentally made in a bankruptcy extension process to which it is not even a party. The copy is inadequate. Whether by third party embargoes or restitution claims, there is no mere incidental claim within the extension incident.

I reject KBA-koenig's request as inappropriate. The applicable measure against the seizure of its assets is the third party's embargo. Cereja Activação Digital S.A. has submitted an application for unblocking. I reject the request because it is inappropriate. The appropriate measure is possible third party embargoes.

**The Bankrupt Estate of Minuano Comunicações e producões editoriais ltda.** filed an application for extension of bankruptcy onto **Editora Fontana Ltda., Diário de São Paulo Comunicações Ltda and Cereja Serviços de Mídia Digital Ltda.**

Diário has been served on pgs. 753 and filed its defense on pg. 841.

Defendant Editora Fontana has been served on pg. 869 at a hearing.

Cereja Serviços de mídia Digital Ltda filed its defense on pg. 1370.

The Prosecution presented an opinion on pg. 1386.

**It is the brief report. My decision follows.**

Summary judgment may be done since the production of other evidences is unnecessary.

**Extension of Bankruptcy to third parties**



**REPÚBLICA FEDERATIVA DO BRASIL**
**ESTHER EVA HOROVITZ**
Tradutora Pública Juramentada nos Idiomas: <u>INGLÊS – ESPANHOL – FRANCÊS</u>
Matrícula nº 887 na Junta Comercial do Estado de São Paulo
Av. Paulista, 352 –  8°Andar – CEP: 01310-000
Telefone/Fax: (11) 3287-3200 – São Paulo – SP

| LIVRO Nº 119 | FOLHA Nº 335 | TRADUÇÃO Nº 6121 |
|---|---|---|

Bankruptcy extension is provided on art. 81 of Law 11,101/05 only for shareholders of an unlimited liability company.

"Art. 81: The judgment which puts into bankruptcy a company whose shareholders' liability is not limited also implicates their own bankruptcy, being the shareholders subject to the same legal effects applicable to the bankrupt company and, therefore, must be served to file a defense, if they so desire."

This extension does not depend on the demonstration of any fraud in the use of the legal entity and simply results from the existence of unjustified impunctuality, frustrated execution or acts of bankruptcy by the corporate legal entity.

That legal provision, as a rights limitation rule, requires restrictive interpretation.

The bankruptcy extension, as conceived, must be restricted to the corporate types whose shareholders bear unlimited and joint liability.

On a joint-stock company and on a limited liability company, as is the case of this case file, the shareholders typically have limited liability, so that they are not subject to the extension of bankruptcy.

The applicability of the extension of bankruptcy, however, may take place by taking into consideration that the various agents that figure as defendants to this case would be part of a single economic group.

Precedents admit, not without doctrinal reservations, that the exercise of a plural venture by a de facto group, as long as it does not preserve the several legal personalities of its members as centers of autonomous interests and generates confusion in its joint performance, will lead to the disregard of legal personalities and the extension of bankruptcy to all the members.

The extension of bankruptcy to the various members of the group, for this jurisprudential current, in this specific case, presupposes the development of a joint activity. The exceptional nature of the extension is conditioned to the demonstration that "the various legal entities of the group carry out their activities under management, labor and patrimonial unit" (High Court of Justice, ROMS 14168/ SP, Reporting Minister Nancy Andrighi).

This document is a copy of the original, digitally signed by MARCELO BARBOSA SACRAMONE, released in the record on 01/22/2018 at 08:44pm.

It is assumed that the debtor company acts in such a way as to preserve not its own interest, but that of the de facto group in which it is inserted, in an apparent analogy to the functioning of a company in common, wherein the personal assets belonging to its shareholders are unlimitedly liable for the obligations assumed by the company.

**From the analysis of the case records**, despite the oppositions raised by the defendants, there is full corporate, equity, managerial and labor confusion among the defendants.

**Corporate confusion:**
Minuano has 99.99% of its share capital held by Nilson Fuiz Festa and 0.01% by Editora Fontana.

Editora Fontana, in its turn, has 88.05% of its shares held by Cereja Serviços de Mídia Digital Ltda, 11.91% by Minuano and 0.04% by Nilson Luiz Festa.

Cereja Serviços de Mídia Digital has its shares held 91.5% by Minuano and 9% by Luiz Cezar Romera Garcia, who has been the successor to Nilson Festa only from 03/23/2017 on.

Diário de São Paulo has had its shares held by Minuano and Luiz Cezar Romera Garcia, since March 2017.

**Asset confusion:**
Diário de São Paulo was headquartered in the same place as the bankrupt Minuano and Cereja. The confusion did not even allow Fernando de Souza Matos, representative of the Diário de São Paulo, to know who the owner of the asset was. At the time of the attachment of the assets, it alleged that the property on which Diário and Minuano were headquartered belonged to Diário de São Paulo. However, the registry

INSCRIÇÃO – RG: 35.337.471-4 – CPF: 941.141.538-53 – PMSP (ISS) 2.154.680-0



**REPÚBLICA FEDERATIVA DO BRASIL**
**ESTHER EVA HOROVITZ**
**Tradutora Pública Juramentada nos Idiomas: <ins>INGLÊS – ESPANHOL – FRANCÊS</ins>**
**Matrícula nº 887 na Junta Comercial do Estado de São Paulo**
Av. Paulista, 352 – 8°Andar – CEP: 01310-000
Telefone/Fax: (11) 3287-3200 – São Paulo – SP

| LIVRO Nº 119 | FOLHA Nº 336 | TRADUÇÃO Nº 6121 |
|---|---|---|

states that the property belongs to Minuano, which would have purchased it from Irusa Rolamentos LTda, despite the fact that the asset had been fiduciary given as collateral to a third party.

There were several machines belonging to Diário de São Paulo, some of them even rented by her, such as the RICOH Multifunctional Machine model MP 501, located at the headquarters of the bankrupt Minuano.

Minuano's stock of paper was stocked in Jarinú at Editora Fontana. The paper is being sold by and the sales invoices has been issued by Diário de São Paulo Comunicações Ltda.

This document is a copy of the original, digitally signed by MARCELO BARBOSA SACRAMONE, released in the record on 01/22/2018 at 08:44pm.

There are machines belonging to the graphic plant of Minuano that have been give by Diário de São Paulo as payment in kind to Cereja Activação Digital SA (pg. 433 of the main case file).

As reported by Fernando de Souza Matos, the same representative of Diário de São Paulo, at the time of the attachment of assets from the bankrupt Minuano, the truck owned by Minuano was used for distributing copies of Diário de São Paulo's newspaper.

There has never been any rental payment for the use of the property by the legal entities.

In addition, at the time of the attachment of assets in the Jarinu property, it was verified that graphic machines existing in Minuano's warehouse in Jarinu had been negotiated by Diário de São Paulo Comunicações Ltda itself. Despite Diário de São Paulo alleged that the trademarks belonged to it (pg. 791), it brought absolutely no document or invoice to make evidence of this. MJB Comércio de Importação e Exportação Ltda. reported that the purchase of the machinery had been negotiated with João Batista, who functioned as representative of Diário de São Paulo.

The documents produced make evidence that negotiations for the payment of labor debts due by one of the defendants being carried out by the other members of the group.

**Managerial confusion**

The financial administration of all the companies was carried out by Mr. Fernando Mattos, chief financial officer of all the legal entities of the group, who operated all the bank accounts. It has been demonstrated in the records, including by his own statements, that he operated the cash flow of all the companies of the group and made their payments.

Before third parties, the de facto group is not only demonstrated, but that there would be confusion among legal entities as well. On the business cards, emails, and at headquarters, there are indications that all legal entities belong to a single group and would be confused in their activities.

Demonstrated that even the legal decisions made as effect of Minuano's bankruptcy declaration were taken by Diário de São Paulo, according to emails produced, as well as the continuous communication at Diário de São Paulo about Minuano's processes indicate the intimate connection between the agents. In them, it is Diário de São Paulo's legal department who determines the payments made by Ed. Fontana for employees due to labor agreements.

**Job confusion:**

There is also confusion of employees. Mr. Ismael Bernardino Seixas Júnior, a former Minuano employee, rendered services for the Diário de São Paulo in the same marketing area. Ismael himself, although working for Diário, carried out an inventory of Minuano's assets.

If this weren't enough, the previous application for a court-supervised reorganization was jointly filed by Editora Fontana and Minuano, telling that Editora Fontana had only been created with the purpose of meeting Editora Minuano's printing demand.

INSCRIÇÃO – RG: 35.337.471-4 – CPF: 941.141.538-53 – PMSP (ISS) 2.154.680-0



**REPÚBLICA FEDERATIVA DO BRASIL**
**ESTHER EVA HOROVITZ**
Tradutora Pública Juramentada nos Idiomas: INGLÊS – ESPANHOL – FRANCÊS
Matrícula nº 887 na Junta Comercial do Estado de São Paulo
Av. Paulista, 352 – 8°Andar – CEP: 01310-000
Telefone/Fax: (11) 3287-3200 – São Paulo – SP

| LIVRO Nº 119 | FOLHA Nº 337 | TRADUÇÃO Nº 6121 |
|---|---|---|

On the main bankruptcy case file, on pg. 215/223, the bankrupt party confesses to belong to Grupo Fontana, which would be integrated by Editora Fontana Ltda., Diário de São Paulo and Cereja Serviços de Mídia Digital Ltda.

**Witness evidence.**
In addition to the above, the testimonies collected confirm all the confusion already demonstrated. Nilson Luiz Festa, in a hearing, confessed that he was invited to be part of the whole group, and that it involved, besides the bankrupt party, the defendants of this incident. He stated that the companies' cash was unique, that Minuano made the a loan and that the funds were reverted to all the companies in the group.

João Batista, appointed as administrator of the entire group by Nilson Luiz Festa, confessed that he purchased Editora Minuano and Editora Fontana, committing himself to pay the value of its liabilities. In what concerns Diário de São Paulo, which it would also have purchased, due to the impossibility of registration, would have transferred its purchase to Luiz Cezar Romero Garcia, by commission. He would provide consulting services to Luiz Cezar, although he has not been paid. The decisions would be taken by Luiz César, along with the declarant.

He narrated that the sale of Diário de São Paulo's machinery was made by Arnaldo Stein. He also reports that Fernando de Souza Matos performed all the financial operations of the group, and that he had access to the entire financial system. Fontana employees were paid with Minuano's funds. He also reported that Diário de São Paulo suffered a partial split in benefit of Fontana, with the transfer of its machinery, only to simulate an increase in assets and benefit from the court-supervised reorganization proceeding.

Bruno Bardichi Dibenedetto also reported that Minuano's employees worked for Portal IG and for O DIA. He alleged that Fernando de Souza Matos was financially responsible for the entire group.
Considering all the above, the legal entities have patrimonial, management, labor and corporate unity, which demonstrates that they not only belonged to a single group, but acted without any consideration to their legal personalities, as if they were one and to the detriment of the creditors.

**Having said so**, I grant the request for extension to **PUT EDITORA FONTANA LTDA. (TAXPAYER N. 08.193.045/0001-31), DIÁRIO DE SÃO PAULO COMUNICAÇÕES LTDA. (TAXPAYER N. 07.602.781/0001-33) and CEREJA SERVIÇOS DE MIDIA DIGITAL LTDA. (TAXPAYER N. 10.189.293/0001-50) INTO BANKRUPTCY.**
I also determine the following:

**1)** I appoint as bankruptcy trustee **Satiro e Ruiz Advogados**, who must sign a commitment in 48 hours and personally promote, with its team, the attachment of assets and documents, without the need for a warrant, being as well as authorized the monitoring of the diligence by the competent bodies for the use of force in case of resistance, functioning a copy of this judgment, digitally signed, as an official letter;

**2)** Issue of a public notice, in the form of the sole paragraph of article 99 of Law 11.101/2005, after compliance with item 7, which contains the following warnings:
**3)** within 15 days, the proofs of credits or divergences must be filed directly to the bankruptcy trustee, at his electronic address to be informed in the public notice, proofs of credits filed on the digital records will not be considered.
**4)** at the time of filing of the proofs of credits and divergencies, creditors should indicate complete bank account data (account holder's name, account holder's CPF/CNPJ number, agency number and bank account number) so that, according to article 1.113, § 3, 4 and 5 of the NSCGJ/TJSP (PROVISIONS no.

INSCRIÇÃO – RG: 35.337.471-4 – CPF: 941.141.538-53 – PMSP (ISS) 2.154.680-0



**REPÚBLICA FEDERATIVA DO BRASIL**
**ESTHER EVA HOROVITZ**
Tradutora Pública Juramentada nos Idiomas: <u>INGLÊS – ESPANHOL – FRANCÊS</u>
**Matrícula nº 887 na Junta Comercial do Estado de São Paulo**
Av. Paulista, 352 – 8°Andar – CEP: 01310-000
Telefone/Fax: (11) 3287-3200 – São Paulo – SP

| LIVRO Nº 119 | FOLHA Nº 338 | TRADUÇÃO Nº 6121 |
|---|---|---|

50/1989 and 30/2013), may receive potential amounts through the prior dispatch of an official letter to the bank.

**5)** the credits that are correctly mentioned in the list eventually filed by the bankrupt party shall be exempt from filing proofs of credits.

**6)** A stay over actions and executions against the bankrupt party, except for the legal reservations.

**7)** Prohibition of acts of disposition or encumbrance of assets belonging to the bankrupt party, with the dispatch of communications of custom.

**8)** Annotation at the Registrar of Commerce for the State of São Paulo so that the expression "bankrupt" may be included in the corporate records and the disqualification for business activity as well, forming a specific incident for official letters and information about the existence of assets, rights and protests.

**9)** Summoning of the Public Prosecutor's Office and the publication of the public notice pursuant to the sole paragraph of Article 9 of Law 11.101/2005.

**10)** I order the issuance of official letters (art. 99, X and XIII) to public agencies and offices (Federation, State and Municipality; Central Bank of Brazil, Department of Motor Vehicles, Brazilian Federal Revenue Service, etc.), being authorized immediate "online" communications, as well as to the Registrar of Commerce for the State of São Paulo for the purposes of arts. 99, VIII, and 102.

**11)** Summoning of the bankrupt party's representatives, in person, to: a) within 5 days, submit the nominal list of creditors, with due regard to the provisions of Article 99, III of Law 11101/2005, in an electronic file, directly to the bankruptcy trustee, under penalty of disobedience; b) within 15 days, file written statements, in the records of the main proceeding, containing the information provided for in Art. 104, of Law 11.101/2005, and to deliver the mandatory accounting books to the Court Records, for closure, under penalty of disobedience.

**12)** In consideration to the preservation of the company, the maximization of the value of the assets and for greater satisfaction of the creditors, the business activity of Diário de São Paulo may be temporarily maintained. An operating newspaper agency may be sold by the bankrupt estate in a much better situation than if its activity is paralyzed, which will guarantee the jobs and all and the interests of creditors and the company.

Considering that the activity performed by the directors of Diário de São Paulo so far has to be examined in greater detail, notably the various corporate transactions and assets disposals made, I order that its activity may be suspended for five days, a period in which the bankruptcy trustee will have to appoint a manager for the activity of Diário de São Paulo.

Let it be published, recorded, and notified.

Sao Paulo, January 22, 2018.

DOCUMENT DIGITALLY SIGNED IN ACCORDANCE WITH LAW 11.419/2006,
AS PRINTED ON THE RIGHT MARGIN

This document is a copy of the original, digitally signed by MARCELO BARBOSA SACRAMONE, released in the record on 01/22/2018 at 08:44pm.

INSCRIÇÃO – RG: 35.337.471-4 – CPF: 941.141.538-53 – PMSP (ISS) 2.154.680-0



### REPÚBLICA FEDERATIVA DO BRASIL
### ESTHER EVA HOROVITZ
**Tradutora Pública Juramentada nos Idiomas: <u>INGLÊS – ESPANHOL – FRANCÊS</u>**
**Matrícula nº 887 na Junta Comercial do Estado de São Paulo**
Av. Paulista, 352 –  8°Andar – CEP: 01310-000
Telefone/Fax: (11) 3287-3200 – São Paulo – SP

**LIVRO Nº 119**　　　　　　**FOLHA Nº 339**　　　　　**TRADUÇÃO Nº 6121**

To check the original, access the site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, enter case  0038352-28.2017.8.26.0100 and code 3DD102E.

**0038352-28.2017.8.26.0100 - page 8**

Nothing further, **I CERTIFY** that the preceding is a true, faithful and unabridged rendering into English of the original Portuguese version.  In witness whereof, I set my hand and seal, on the date and in the city first mentioned.

São Paulo, 08 de março de 2019

**ESTHER EVA HOROVITZ
TRADUTORA JURAMENTADA**

CT – 13.626



INSCRIÇÃO - RG: 35.337.471-4 – CPF: 941.141.538-53 – PMSP (ISS) 2.154.680-0

fls. 1817

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, São Paulo - SP - CEP 01501-900
**Horário de Atendimento ao Público: das 12h30min às19h00min**

| SENTENÇA |
| --- |

| | |
| --- | --- |
| Processo Digital nº: | **0038352-28.2017.8.26.0100** |
| Classe - Assunto | **Habilitação de Crédito - Recuperação judicial e Falência** |
| Requerente: | **Satiro e Ruiz Advogados Associados (Administrador Judicial)** |
| Requerido: | **Cereja Serviços Midia Digital Ltda e outros** |

Juiz(a) de Direito: Dr(a). **Marcelo Barbosa Sacramone**

Vistos.

Rejeito o pedido realizado por MJB Comércio, Importação e Exportação Ltda, pois realizado incidentalmente em processo de extensão de falência em que sequer é parte. A via é inadequada. Seja por embargos de terceiro ou pedido de restituição, não cabe mero pedido incidental dentro do incidente de extensão.

Rejeito o pedido da KBA-koenig, pois inadequado. A medida cabível contra o arresto de seus bens é o embargos de terceiro.

Cereja Ativação Digital S.A. apresentou pedido de desbloqueio. Rejeito o pedido, pois inadequado. A medida adequada é eventual embargos de terceiro.

**Massa falida de Minuano Comunicações e produções editoriais ltda.** promoveu pedido de extensão da falência para a **Editora Fontana Ltda., Diário de São Paulo Comunicações Ltda e Cereja Serviços de Mídia Digital Ltda.**

O Diário foi citado a fls. 753 e apresentou contestação a fls. 841.

A ré Editora Fontana foi citada a fls. 869 em audiência.

Cereja Serviços de mídia Digital Ltda apresentou contestação a fls. 1370.

O Ministério Público apresentou parecer a fls. 1386.

**É o breve relatório. Decido.**

O feito deverá ser julgado de forma antecipada, pois desnecessária a produção de outras provas.

**Extensão da Falência a terceiros**

A extensão da falência é prevista no art. 81 da Lei 11.101/05 apenas para os

Este documento é cópia do original, assinado digitalmente por MARCELO BARBOSA SACRAMONE, liberado nos autos em 22/01/2018 às 20:44. Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 0038352-28.2017.8.26.0100 e código 3DD102E.

fls. 1818



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, São Paulo - SP - CEP 01501-900
**Horário de Atendimento ao Público: das 12h30min às19h00min**

sócios de responsabilidade ilimitada.

"Art. 81: A decisão que decreta a falência da sociedade com sócios ilimitadamente responsáveis também acarreta a falência destes, que ficam sujeitos aos mesmos efeitos jurídicos produzidos em relação à sociedade falida e, por isso, deverão ser citados para apresentar contestação, se assim o desejarem".

Essa extensão independe da demonstração de qualquer fraude da utilização da personalidade jurídica e decorre simplesmente da existência de impontualidade injustificada, execução frustrada ou ato de falência pela pessoa jurídica empresária.

O dispositivo, por ser norma limitadora de direitos, exige interpretação restritiva.

A extensão da falência, tal como concebida, deve ser restrita aos tipos societários empresariais e que possuem sócios de responsabilidade ilimitada e solidária.

Na sociedade anônima e na sociedade limitada, como é o caso dos autos, os sócios têm tipicamente responsabilidade limitada, de modo que não são submetidos à extensão da falência.

A aplicação da extensão da falência, entretanto, poderá ocorrer pela consideração de que os diversos agentes que figuram no polo passivo da demanda integrariam um único grupo econômico.

A jurisprudência tem admitido, não sem reservas doutrinárias, que o exercício da empresa plúrima por um grupo de fato, desde que não preserve as diversas personalidades jurídicas de seus integrantes como centros de interesses autônomos e gere confusão patrimonial em sua atuação conjunta, propiciará a desconsideração das personalidades jurídicas e a extensão da falência para todas as pessoas integrantes.

A extensão da falência aos diversos integrantes do grupo, para essa corrente jurisprudencial, nesse caso específico, pressupõe o desenvolvimento de uma atividade conjunta. A excepcionalidade da extensão é condicionada à demonstração de que "as diversas pessoas jurídicas do grupo exercem suas atividades sob unidade gerencial, laboral e patrimonial" (STJ, ROMS 14168/SP, rel. Min. Nancy Andrighi).

Pressupõe-se que a sociedade devedora atue de modo a preservar não o interesse próprio, mas do grupo de fato em que inserida, em aparente analogia à atuação de

**0038352-28.2017.8.26.0100 - lauda 2**

Este documento é cópia do original, assinado digitalmente por MARCELO BARBOSA SACRAMONE, liberado nos autos em 22/01/2018 às 20:44 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 0038352-28.2017.8.26.0100 e código 3DD102E.

fls. 1819



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, São Paulo - SP - CEP 01501-900
**Horário de Atendimento ao Público: das 12h30min às19h00min**

uma sociedade em comum, em que os sócios integrantes respondem com os bens ilimitadamente pelas obrigações contraídas no exercício da empresa.

**Da análise dos autos**, a despeito da manifestação em contestação das rés, há total confusão societária, patrimonial, gerencial, laboral entre as rés.

**Confusão societária:**

A Minuano tem 99,99% do seu capital social detido por Nilson Fuiz Festa e 0,01% por Editora Fontana.

A Editora Fontana, por seu turno, tem a titularidade de suas quotas detidas em 88,05% pela Cereja Serviços de Mídia Digital Ltda, em 11,91% pela Minuano e em 0,04% por Nilson Luiz Festa.

A Cereja Serviços de Mídia Digital tem suas quotas detidas em 91,5% pela Minuano e 9% por Luiz Cezar Romera Garcia, que é sucessor de Nilson Festa somente a partir de 23/03/2017.

O Diário de São Paulo tem suas cotas detidas pela Minuano e por Luiz Cezar Romera Garcia, desde março de 2017.

**Confusão patrimonial:**

O Diário de São Paulo era sediado no mesmo local em que a falida Minuano e a Cereja. A confusão sequer permitia que o preposto do Diário de São Paulo, Fernando de Souza Matos, soubesse de quem era a propriedade do bem. Por ocasião da arrecadação de bens, sustentava que o imóvel em que o Diário e a Minuano estavam sediados era do Diário de São Paulo. Consta, no registro, contudo, que o imóvel pertence à Minuano, que o teria adquirido de Irusa Rolamentos LTda, ainda que alienado fiduciariamente a terceiro.

Havia diversas máquinas do Diário de São Paulo, inclusive locadas por esse, como a Máquina Multifuncional RICOH modelo MP 501 na sede da falida Minuano.

O estoque de papel da Minuano estava estocado em Jarinú na Editora Fontana. O papel está sendo vendido e tem sido emitida nota fiscal de venda pelo Diário de São Paulo Comunicações Ltda.

Há máquinas pertencentes ao parque gráfico da Minuano que foram

**0038352-28.2017.8.26.0100 - lauda 3**

Este documento é cópia do original, assinado digitalmente por MARCELO BARBOSA SACRAMONE, liberado nos autos em 22/01/2018 às 20:44. Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 0038352-28.2017.8.26.0100 e código 3DD102E.

fls. 1820



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, São Paulo - SP - CEP 01501-900
**Horário de Atendimento ao Público: das 12h30min às19h00min**

entregues em dação em pagamento pelo Diário de São Paulo à Cereja Ativação Digital S.A (fls. 433 do principal).

Como informado pelo próprio preposto do Diário de São Paulo, Fernando de Souza Matos, por ocasião da arrecadação de bens da falida Minuano, o caminhão de propriedade da Minuano era utilizado para a distribuição dos exemplares do Jornal Diário de São Paulo.

Nunca houve qualquer pagamento de alugueres pela utilização dos bens pelas pessoas jurídicas.

Outrossim, por ocasião da arrecadação dos bens no imóvel de Jarinu, verificou-se que máquinas gráficas existentes no depósito da Minuano em Jarinu foram negociadas pelo próprio Diário de São Paulo Comunicações Ltda,. Apesar se o Diário de São Paulo sustentar que as marcar eram de sua propriedade (fls. 791), não trouxe absolutamente nenhum documento ou nota fiscal que demonstrasse isso. A MJB Comércio de Importação e Exportação Ltda. relatou que a compra dos maquinários foi feita com João Batista, como representante do diário de São Paulo.

Os documentos apresentados evidenciam tratativas de pagamento de verbas trabalhistas devidas por uma das requeridas e sendo efetuada pelas outras do grupo.

**Confusão gerencial**

A administração financeira de todas as empresas era realizada pelo sr. Fernando Mattos, diretor financeiro de todas as pessoas jurídicas do grupo, e que movimentava todas as contas bancárias. Demonstrado nos autos, inclusive por declarações próprias, que opera o caixa de todas as empresas do grupo e realizava seus pagametnos.

Perante terceiros, não apenas o Grupo de Fato fica demonstrado, como haveria confusão entre as pessoas jurídicas. Nos próprios cartões de visita, emails, e na sede, há a indicação de que todas as pessoas jurídicas integram um único grupo e que se confundiria em suas atividades.

Demonstradas que as próprias decisões jurídicas eram tomadas pelo Diário de São Paulo em razão da decretação da falência da Minuano, conforme emails apresentados, bem como a intensa comunicação no Diário de São Paulo sobre os processos

**0038352-28.2017.8.26.0100 - lauda 4**

Este documento é cópia do original, assinado digitalmente por MARCELO BARBOSA SACRAMONE, liberado nos autos em 22/01/2018 às 20:44 . Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 0038352-28.2017.8.26.0100 e código 3DD102E.

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, São Paulo - SP - CEP 01501-900
**Horário de Atendimento ao Público: das 12h30min às19h00min**

da Minuano indicam a íntima conexão entre os agentes. Nesses, o departamento jurídico do Diário de São Paulo determina a realização de pagamentos pela Ed. Fontana de funcionários em razão de acordo trabalhista.

**Confusão laboral:**

Há também confusão de empregados. O Sr. Ismael Bernardino Seixas Júnior, ex funcionário da Minuano, prestava serviços para o Diário de São Paulo na mesma área de divulgação. O próprio Ismael, apesar de trabalhar para a Diário, realizou o inventário dos ativos da Minuano.

Não fosse isso o suficiente, o pedido anterior de recuperação judicial foi realizado em conjunto entre a Editora Fontana e a Minuano, com a exposição de que a Editora Fontana somente foi criada com o propósito de atender à demanda de impressão da Editora Minuano.

Nos autos principais da falência, a fls. 215/223, a falida confessa pertencer ao Grupo Fontana, o qual seria integrado pela Editora Fontana Ltda., pelo Diário de São Paulo e pela Cereja Serviços de Mídia Digital Ltda.

**Provas testemunhais.**

Além do demonstrado acima, os depoimentos colhidos confirmam toda a confusão já demonstrada.

Nilson Luiz Festa, em audiência, confessou que foi convidado para fazer parte de todo o grupo, e que envolvia, além da falida, as rés desse incidente. Afirmou que o caixa das empresas era único, que foi realizado empréstimo pela Minuano e que os recursos reverteram a todas as sociedades do grupo.

João Batista, apontado como administrador de todo o grupo por Nilson Luiz Festa, confessou que adquiriu a editora Minuano e Editora Fontana, comprometendo-se a pagar o valor de seu passivo. No tocante ao Diário de São Paulo, que também teria adquirido, diante da impossibilidade de registro, teria repassado sua compra para Luiz Cezar Romero Garcia, mediante comissão. Prestaria serviços ainda de consultoria a Luiz Cezar, embora não fosse remunerado. As decisões seriam tomadas por Luiz César, junto

Este documento é cópia do original, assinado digitalmente por MARCELO BARBOSA SACRAMONE, liberado nos autos em 22/01/2018 às 20:44. Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 0038352-28.2017.8.26.0100 e código 3DD102E.

fls. 1822

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, São Paulo - SP - CEP 01501-900
**Horário de Atendimento ao Público: das 12h30min às19h00min**

com o declarante.

Narrou que a venda do maquinário do Diário de São Paulo foi realizada por Arnaldo Stein. Relata, ainda, que Fernando de Souza Matos realizava todas as movimentações financeiras do grupo, e que era o detentor do acesso a todo o sistema financeiro. Os funcionários da Fontana eram pagos com os recursos da Minuano. Relatou, ainda, que o Diário de São Paulo teria feito uma cisão parcial com incorporação para a Fontana, com a transferência de seus maquinários, apenas para simular aumento de ativos e se beneficiar com o processo de recuperação judicial.

Bruno Bardichi Dibenedetto também narrou que funcionários da Minuano trabalhavam para o Portal IG e para O DIA. Alegou que Fernando de Souza Matos era responsável financeiro por todo o grupo.

Do exposto, as pessoas jurídicas possuem unidade patrimonial, de gestão, laboral e societária, o que demonstra que não apenas integravam um único grupo, mas agiam sem qualquer consideração às suas personalidades jurídicas, como se fossem uma só e em detrimento dos credores.

**Isto posto,** julgo procedente o pedido de extensão para **DECRETAR A FALÊNCIA DE EDITORA FONTANA LTDA. (CNPJ: 08.193.045/0001-31), DIÁRIO DE SÃO PAULO COMUNICAÇÕES LTDA. (CNPJ 07.602.781/0001-33) e CEREJA SERVIÇOS DE MIDIA DIGITAL LTDA. (CNPJ 10.189.293/0001-50).**

Determino ainda o seguinte:

**1)** Nomeio como administradora judicial **Satiro e Ruiz Advogados,** que deverá prestar compromisso em 48 horas e promover pessoalmente, com sua equipe, a arrecadação de bens e documentos, sem necessidade de mandado, bem como autorizado o acompanhamento da diligência pelos órgãos competentes para o uso de força em caso de resistência, servindo cópia dessa sentença, assinada digitalmente, como ofício;

**2)** Expedição de edital, na forma do parágrafo único do artigo 99 da Lei 11.101/2005, após o cumprimento do item 7, em que constem as seguintes advertências:

**3)** no prazo de 15 dias as habilitações ou divergências deverão ser apresentadas diretamente ao administrador judicial, no seu endereço eletrônico a ser

**0038352-28.2017.8.26.0100 - lauda 6**

Este documento é cópia do original, assinado digitalmente por MARCELO BARBOSA SACRAMONE, liberado nos autos em 22/01/2018 às 20:44 . Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 0038352-28.2017.8.26.0100 e código 3DD102E.

fls. 1823



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, São Paulo - SP - CEP 01501-900
**Horário de Atendimento ao Público: das 12h30min às19h00min**

informado no edital, e de que as habilitações apresentadas nos autos digitais não serão consideradas.

**4)** na ocasião da apresentação das habilitações e divergências, os credores deverão indicar dados completos de conta bancária (nome do titular da conta, número do CPF/CNPJ do titular da conta, número da agência e da conta bancária) para que, conforme previsão do artigo 1.113, § 3º, 4º e 5º das NSCGJ/TJSP (PROVIMENTOS nº 50/1989 e 30/2013), possam receber eventuais valores através da prévia expedição de ofício ao banco.

**5)** ficam dispensados de habilitação os créditos que constarem corretamente do rol eventualmente apresentado pelo falido.

**6)** Suspensão de ações e execuções contra a falida, com as ressalvas legais.

**7)** Proibição de atos de disposição ou oneração de bens da falida, com expedição das comunicações de praxe.

**8)** Anotação junto à JUCESP, para que conste a expressão "falida" nos registros e a inabilitação para atividade empresarial, formando-se um incidente específico para ofícios e informações sobre a existência de bens, direitos e protestos.

**9)** Intimação do Ministério Público e publicação do edital, na forma do parágrafo único do artigo 99 da Lei 11.101/2005.

**10)** Determino a expedição de ofícios (art. 99, X e XIII) aos órgãos e repartições públicas (União, Estado e Município; Banco Central, DETRAN, Receita Federal, etc.), autorizada a comunicação "on-line", imediatamente, bem como à JUCESP para fins dos arts. 99, VIII, e 102.

**11)** Intimação dos representantes da falida, pessoalmente, para: a) no prazo de 05 dias apresentar a relação nominal dos credores, observado o disposto no artigo 99, III, da Lei 11.101/2005, em arquivo eletrônico, diretamente ao administrador judicial, sob pena de desobediência; b) no prazo de 15 dias, apresentar declarações por escrito, nos autos

**0038352-28.2017.8.26.0100 - lauda 7**

Este documento é cópia do original, assinado digitalmente por MARCELO BARBOSA SACRAMONE, liberado nos autos em 22/01/2018 às 20:44. Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 0038352-28.2017.8.26.0100 e código 3DD102E.

fls. 1824

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, São Paulo - SP - CEP 01501-900
**Horário de Atendimento ao Público: das 12h30min às19h00min**

do processo principal, com as informações previstas no art. 104, da Lei 11.101/2005, e entregar os livros contábeis obrigatórios em cartório, para encerramento, sob pena de desobediência.

**12**) Em consideração à preservação da empresa, a maximização do valor dos ativos e maior satisfação dos credores, a atividade empresarial do Diário de São Paulo poderá ser provisoriamente mantida. O Jornal, em operação, poderá ser alienado pela Massa Falida em situação muito melhor do que se sua atividade for paralisada, o que garantirá os postos de trabalho e de todos e os interesses dos credores e da sociedade.

Considerando que a atividade desempenhada pelos administradores do Diário de São Paulo até então ainda deve ser apurada com maiores detalhes, notadamente as diversas operações societárias e alienação de ativos, determino que sua atividade seja suspensa por cinco dias, período em que a administradora judicial terá para indicar gestor para a atividade do Diário de São Paulo.

P.R.I.

São Paulo, 22 de janeiro de 2018.

**DOCUMENTO ASSINADO DIGITALMENTE NOS TERMOS DA LEI 11.419/2006, CONFORME IMPRESSÃO À MARGEM DIREITA**

Este documento é cópia do original, assinado digitalmente por MARCELO BARBOSA SACRAMONE, liberado nos autos em 22/01/2018 às 20:44. Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 0038352-28.2017.8.26.0100 e código 3DD102E.

**0038352-28.2017.8.26.0100 - lauda 8**

**Esther Eva Horovitz**
Tradutora Pública
Inglês - Espanhol - Francês
Nº 6121   Data 08/03/19
Av. Paulista, 352 - 8º andar - Bela Vista
São Paulo - SP  -  CEP 01310-000
Tel.: (11) 3287-3200

# EXHIBIT 3



## REPÚBLICA FEDERATIVA DO BRASIL
### ESTHER EVA HOROVITZ
**Tradutora Pública Juramentada nos Idiomas: INGLÊS – ESPANHOL – FRANCÊS**
**Matrícula nº 887 na Junta Comercial do Estado de São Paulo**
Av. Paulista, 352 – 8°Andar – CEP: 01310-000
Telefone/Fax: (11) 3287-3200 – São Paulo – SP

| LIVRO Nº 119 | FOLHA Nº 328 | TRADUÇÃO Nº 6118 |
|---|---|---|

I, **ESTHER EVA HOROVITZ**, Public Sworn Translator for the **PORTUGUESE, ENGLISH, FRENCH** and **SPANISH** languages, in and for the State of São Paulo, Brazil, certify that on this day, in this city of São Paulo, was submitted to me a text written in the **PORTUGUESE** language, which I hereby translate into the **ENGLISH** language, word for word, to the best of my knowledge and ability, as follows:

pg. 4247

[It contains the Coat of Arms of the Court of Justice for the State of São Paulo]

**COURT OF JUSTICE FOR THE STATE OF SÃO PAULO**
DISTRICT OF SÃO PAULO
CENTRAL CIVIL COURT
2nd COURT OF BANKRUPTCIES AND COURT-SUPERVIZED REORGANIZATIONS
Praça João Mendes s/nº, Salas 1618/1624, Centro - ZIP CODE 01501-900, Phone:
(11) 2171-6506, São Paulo-SP - E-mail: sp2falencias@tjsp.jus.br
Opening Hours: from 12:30 pm to 07:00 pm

| ORDER | |
|---|---|
| Digital Case File N. | 0042020-70.2018.8.26.0100 |
| Class – Subject: | **Proof of Claim – Court-Supervised Reorganization and Bankruptcy** |
| Plaintiff: | **AJ Ruiz Consultoria Empresarial LTDA** |
| Complete Type of the Defendant <<Unavailable information>> | **Name of the Main Defendant <<unavailable information>>** |

Trial Judge: **Dr. MARCELO BARBOSA SACRAMONE**

Case records examined.

Pgs. 2.398: I grant the request for the issuance of a specific certificate so that the bankruptcy trustee and his assistants may hire foreign attorneys, as well as the applicable judicial measures before the jurisdiction of the United States of America, at no cost to the bankrupt estate, and through the control of the acts by the authority of the jurisdiction in which they are performed.

Certificate is issued.

May the Public Prosecutor's Office opine about the request for breach of tax and banking secrecy and about the request for official letters to the Municipal Finance Secretariat of São Paulo about the electronic invoices of Cereja Ativação Digital S.A. and New Job.

To be notified.

São Paulo, October 11, 2018.

---
DOCUMENT DIGITALLY SIGNED IN ACCORDANCE WITH LAW 11.419/2006,
AS PRINTED ON THE RIGHT MARGIN
---

**INSCRIÇÃO – RG: 35.337.471-4 – CPF: 941.141.538-53 – PMSP (ISS) 2.154.680-0**



## REPÚBLICA FEDERATIVA DO BRASIL
## ESTHER EVA HOROVITZ
**Tradutora Pública Juramentada nos Idiomas: INGLÊS – ESPANHOL – FRANCÊS**
**Matrícula nº 887 na Junta Comercial do Estado de São Paulo**
Av. Paulista, 352 – 8°Andar – CEP: 01310-000
Telefone/Fax: (11) 3287-3200 – São Paulo – SP

| LIVRO Nº 119 | FOLHA Nº 329 | TRADUÇÃO Nº 6118 |
|---|---|---|

This document is a copy of the original, digitally signed by MARCELO BARBOSA SACRAMONE, released in the record on 10/11/2018 at 07:08pm.
To check the original, go to https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, enter case 0042020-70.2018.8.26.0100 and code 50D5B10.

Nothing further, **I CERTIFY** that the preceding is a true, faithful and unabridged rendering into English of the original Portuguese version. In witness whereof, I set my hand and seal, on the date and in the city first mentioned.

São Paulo, 08 de março de 2019

**ESTHER EVA HOROVITZ**
**TRADUTORA JURAMENTADA**

CT – 1.608



INSCRIÇÃO - RG: 35.337.471-4 – CPF: 941.141.538-53 – PMSP (ISS) 2.154.680-0

fls. 4247



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Salas 1618/1624, Centro - CEP 01501-900, Fone:
(11) 2171-6506, São Paulo-SP - E-mail: sp2falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 12h30min às19h00min**

| DECISÃO |
| --- |

Processo Digital nº:       **0042020-70.2018.8.26.0100**
Classe - Assunto          **Habilitação de Crédito - Recuperação judicial e Falência**
Requerente:              **AJ Ruiz Consultoria Empresarial LTDA.**
Tipo Completo da Parte    **Nome da Parte Passiva Principal << Informação indisponível >>**
Passiva Principal <<
Informação indisponível
>>:

Juiz(a) de Direito: Dr(a). **MARCELO BARBOSA SACRAMONE**

Vistos.

Fls. 2.398: Defiro o pedido de expedição de certidão específica para que seja possível ao administrador judicial e seus auxiliares a contratação de advogados estrangeiros bem como as medidas judicialis cabíveis perante a jurisdição dos Estados Unidos da América, sem custos para a Massa Falida, e mediante o controle dos atos pela autoridade da jurisdição em que realizados.

Expeça-se certidão.

Diga o MP sobre o pedido de quebra de sigilo fiscal e bancário e sobre o pedido de ofícios à Secretaria Municipal de Finanças de São Paulo sobre as notas fiscais eletrônicas de Cereja Ativação Digital S.A. e New Job.

Intime-se.

São Paulo, 11 de outubro de 2018.

| DOCUMENTO ASSINADO DIGITALMENTE NOS TERMOS DA LEI 11.419/2006, CONFORME IMPRESSÃO À MARGEM DIREITA |
| --- |

Este documento é cópia do original, assinado digitalmente por MARCELO BARBOSA SACRAMONE, liberado nos autos em 11/10/2018 às 19:08.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 0042020-70.2018.8.26.0100 e código 50D5B10.

Esther Eva Horovitz
Tradutora Pública
Inglês - Espanhol - Francês
Nº 6118 Data 08/03/19
Av. Paulista, 352 - 8º andar - Bela Vista
São Paulo- SP - CEP 01310-000
Tel.: (11) 3287-3200

# **EXHIBIT 4**



## REPÚBLICA FEDERATIVA DO BRASIL
## ESTHER EVA HOROVITZ
**Tradutora Pública Juramentada nos Idiomas: <u>INGLÊS – ESPANHOL – FRANCÊS</u>**
**Matrícula nº 887 na Junta Comercial do Estado de São Paulo**
Av. Paulista, 352 – 8°Andar – CEP: 01310-000
Telefone/Fax: (11) 3287-3200 – São Paulo – SP

| LIVRO Nº 119 | FOLHA Nº 308 | TRADUÇÃO Nº 6112 |
|---|---|---|

I, **ESTHER EVA HOROVITZ**, Public Sworn Translator for the **PORTUGUESE, ENGLISH, FRENCH** and **SPANISH** languages, in and for the State of São Paulo, Brazil, certify that on this day, in this city of São Paulo, was submitted to me a text written in the **PORTUGUESE** language, which I hereby translate into the **ENGLISH** language, word for word, to the best of my knowledge and ability, as follows:

[It contains the Coat of Arms of the Court of Justice for the State of São Paulo]

Page 711

## COURT OF APPEALS
JUDICIARY
São Paulo

**Register: 2018.0000478919**

### JUDMENT

Checked, analyzed and debated this case of Interlocutory Appeal # 2019474-93.2018.8.26.0000 originated from the District of São Paulo, wherein DIÁRIO DE SÃO PAULO COMUNICAÇÕES LTDA is the Appellant and SATIRO E RUIZ ADVOGADOS ASSOCIADOS is the Appellee.

**DELIBERATES,** the 1st Chamber Reserved for Commercial Law of the Court of Appeals for the State of São Paulo, on rendering the following judgment: "Appeal unanimously denied", in accordance with the Rapporteur's opinion, which is part of this judgment.

Judges ALEXANDRE LAZZARINI (President without vote), FORTES BARBOSA and HAMID BNIDE attended the trial.

São Paulo, 20 June 2018
**AZUMA NISHI**
**RAPPORTEUR**
**Electronic Signature**

**INTERLOCUTORY APPEAL # 2019474-93.2018.8.26.0000**
DISTRICT: **SÃO PAULO - 2nd COURT OF BANKRUPTCIES AND COURT-SUPERVISED REORGANIZATION**
APPELLANT: **DIÁRIO DE SÃO PAULO COMUNICAÇÕES LTDA.**
APPELLEE: **SATIRO E RUIZ ADVOGADOS ASSOCIADOS**

**Opinion # 7370**

**INTERLOCUTORY APPEAL**. BANKRUPTCY. EXTENSION OF ITS EFFECTS. The existence of an economic group is fully demonstrated in the case records. Complex corporate relation among the companies and also patrimonial, administrative and labor confusion between the companies which exceeds



### REPÚBLICA FEDERATIVA DO BRASIL
### ESTHER EVA HOROVITZ
**Tradutora Pública Juramentada nos Idiomas: <u>INGLÊS – ESPANHOL – FRANCÊS</u>**
**Matrícula nº 887 na Junta Comercial do Estado de São Paulo**
Av. Paulista, 352 – 8°Andar – CEP: 01310-000
Telefone/Fax: (11) 3287-3200 – São Paulo – SP

| **LIVRO Nº 119** | **FOLHA Nº 309** | **TRADUÇÃO Nº 6112** |
| --- | --- | --- |

the purposes of a simple intention of reducing the costs of business transactions. JUGMENT UPHELD. APPEAL DENIED.

Checked.

1. This is an interlocutory appeal filed against the order grating the request to extend the effects of **MINUANO COMUNICAÇÕES E PRODUÇÕES EDITORIAS LTDA.'s** bankruptcy in order to ADJUDICATE BANKRUPTCY of the appellant **DIÁRIO DE SÃO PAULO COMUNICAÇÕES LTDA., along with EDITORA FONTANA LTDA. and CEREJA SERVIÇOS DE MÍDIA DIGITAL LTDA.**

2. The appellant alleges that pursuant to article 81 of Law # 11.101/05, there is one sole objective prerequisite to extend the effects of a bankruptcy, namely, that the company's shareholders are of unlimited liability. However, the appellant is a limited liability company and is not a shareholder of the bankrupt one. Her understanding is that the extension of the effects of a bankruptcy is a rights restrictive rule so that its interpretation should be restrictive.

She alleges that this case involves a "vertical group of companies" in which there is "an ensemble of companies providing raw material, distribution, back office sharing, reduction of fixed costs, triggering the phenomena of plurality concentration or of corporate group" (page 15, last paragraph). Nevertheless, she gives emphasis that there is autonomy among the entities and that there have never been operations with the purpose of defrauding the legislation or to cause damage to creditors.

Affirms that it is appropriate to ascertain the liability of the administrator or controller and that it is ascertained in the bankruptcy court itself, but not the impediment of the operation of the company that was not even subject to its control, referring to article 50 of the Civil Code.

Required the granting of suspensive effect to the aggravated decision, so that the business activities are resumed by its current administrator, Luis Cezar Romera Garcia, until the judgment of the appeal, with the commitment to render accounts of its management to the court and trustee.

3. The suspensive effect sought was granted according to the order issued by Judge HAMID BDINE (pages 255/258).

4. The judicial administrator (pages 265/282) replied and the General Public Prosecutor's Office rendered its legal opinion for the denial of the appeal on pages 707/708.

**This is the report of the necessary.**

5. First of all, I should call your attention to the fact the absence of the prerequisites provided on article 81 of Law # 11,101/05, which provides the extension of the effects of the bankruptcy onto the shareholders of unlimited liability is not relevant, since, as fully debated on the contested decision, the basis for the extension in the present case is related to the acknowledgment of the existence of an economic group wherein the appellant and the bankrupt party among other companies participated.

6. Concerning the formation of an economic group, the Superior Court of Justice has already ruled that "putting the matters of fact aside, the affiliation of companies is a corporate concept. Affiliation is

INSCRIÇÃO – RG: 35.337.471-4 – CPF: 941.141.538-53 – PMSP (ISS) 2.154.680-0



**REPÚBLICA FEDERATIVA DO BRASIL**
**ESTHER EVA HOROVITZ**
**Tradutora Pública Juramentada nos Idiomas: <u>INGLÊS – ESPANHOL – FRANCÊS</u>**
**Matrícula nº 887 na Junta Comercial do Estado de São Paulo**
Av. Paulista, 352 – 8°Andar – CEP: 01310-000
Telefone/Fax: (11) 3287-3200 – São Paulo – SP

| **LIVRO Nº 119** | **FOLHA Nº 310** | **TRADUÇÃO Nº 6112** |
|---|---|---|

characterized, essentially, by the influence one company might have over decisions of financial or operational policies of another without controlling it. Previously, the Companies' Act used to provide in its art. 243, first paragraph, a fixed amount of interest on the share capital so that the affiliation would be automatically configured. It used to provide that 'companies are affiliated when one of them has 10% (ten percent) or more of the other's share capital without controlling it''. Nevertheless, this percentage was fixed to determine, pursuant to the provisions contained in the caput of that article, that the investments made on the affiliated company should necessarily be mentioned on the annual management report. In practice, however, regardless of a fixed percentage, the concept of affiliation is much more related to effective conducts that demonstrate the influence of one company over another. There is affiliation, for instance, whenever one can attest influence being exercised because of a contractual or legal relation, and, sometimes, even corporate control being exercised by a controller that does not have the majority of the share capital.''

7. In the present case, the contested decision has put EDITORA FONTANA LTDA., CEREJA SERVIÇOS DE MÍDIA DIGITAL LTDA. and DIÁRIO DE SÃO PAULO COMUNICAÇÕS LTDA. into bankruptcy in an extension of the effects of the bankruptcy of MINUANO COMUNICAÇÕES E PRODUÇÕES EDITORIAIS LTDA.

The appellant **DIÁRIO DE SÃO PAULO** challenges that decision through this appeal alleging that the present case involves a "vertical group of companies" so that the legal personality and autonomy of each company was preserved, and that no actions have ever been taken with the intention of defrauding the law or causing damage to creditors.

It should be mentioned at this moment that when the interlocutory appeal # 2171657-83.2017.8.26.0000 previously filed, there had already been found strong evidences of dispersion of assets:

"Furthermore, despite Diário de São Paulo not bearing the attribute of bankrupt when the negotiations were made, one cannot forget that this case contains peculiarities that must be taken into consideration. As it is known, Grupo Fontana gathers, under the form of an economic group, besides the bankrupt Minuano, the companies Diário de São Paulo and Cereja. It is also known that since the time of the application of the unsuccessful court-supervised reorganization before the District of Jarinu, many suspicions of fraud and of misconduct hang over the performance of the Fontana Group (and respective companies). Actually, facts reported by both the reorganization and bankruptcy trustees - both assistants to the Court and with absolute flawless credibility report the seriousness of the situation, which seems to involve business inactivity, in addition to signs of dissipation of assets at derisory values and diversion of assets by current managers.
Such information, brought about by both judicial administrators, not only must be taken into consideration by the Court when making up its mind over the case, with full knowledge of the case, especially when there is suspicion of illegalities committed. In this case, the indications are clear and the evidences will probably come up with time."

[1]REsp 1.259.018/SP, Rapporteur Justice NANCY ANDRIGHI, trialed on 08.09.2011.

8. In addition, the contested decision was very thorough while examining the existence of (i) corporate; (ii) patrimonial; (iii) administrative; and (iv) labor confusion.

INSCRIÇÃO – RG: 35.337.471-4 – CPF: 941.141.538-53 – PMSP (ISS) 2.154.680-0



**REPÚBLICA FEDERATIVA DO BRASIL**
**ESTHER EVA HOROVITZ**
**Tradutora Pública Juramentada nos Idiomas: <u>INGLÊS – ESPANHOL – FRANCÊS</u>**
**Matrícula nº 887 na Junta Comercial do Estado de São Paulo**
Av. Paulista, 352 – 8°Andar – CEP: 01310-000
Telefone/Fax: (11) 3287-3200 – São Paulo – SP

| **LIVRO Nº 119** | **FOLHA Nº 311** | **TRADUÇÃO Nº 6112** |

Concerning the corporate confusion, "Minuano has 99.99% of its share capital belonging to Nilson Luiz Festa and 0.01% to Editora Fontana. Editora Fontana, in turn, has 88,05% of its shares held by Cereja Serviços de Mídia Digital Ltda., 11.91% by Minuano and 0.04% by Nilson Luiz Festa. Cereja Serviços de Mídia Digital has 91.5% of its shares belonging to Minuano and 9% by Luiz Cezar Romero Garcia, who has been the successor of Nilson Festa only since 03/23/2017. Diário de São Paulo has had its shares belonging to Minuano and Luiz Cezar Romero Garcia since March 2017" (page 49).

In addition to this intricate corporate relation, patrimonial confusion has been demonstrated involving the appellant's headquarters - which is registered as belonging to the bankrupt party - machinery, stock, automobiles, and the absence of collection of rents among the legal entities has been pointed out as well.

Furthermore, the financial administration was made by a single financial officer, Fernando Mattos, who was supposed to operate all the companies' bank accounts, including the determination, by the legal department of the appellant, of payment by Editora Fontana of employees, due to a labor agreement.

The decision also analyzed the labor confusion since an employee of Diário de São Paulo drafted the inventory of Minuano's assets.

9. In the end, to have any doubts clarified about the existence of the formation of an economic group, "the previous application for court-supervised reorganization was filed jointly by Editora Fontana and Minuano, explaining that Editora Fontana was only created with the purpose of meeting the printing demand of Editora Minuano. In the main case records of the bankruptcy, on pages 215/223, the bankrupt party confesses being part of Grupo Fontana, which would be integrated by Editora Fontana Ltda., Diário de São Paulo and Cereja Serviços de Mídia Digital Ltda" (page 51).

10. Regarding such facts, it is not possible to concur with the appellant's allegations since the main rationale of the decision about the confusion among the companies has not been specifically disputed inasmuch as the appellant attempted to have them disregarded under the allegation that the gathering of the companies was made with the purpose of costs reduction, while the elements contained in the case records demonstrate the existence of a true economic group, where there is corporate, patrimonial, managerial and labor confusion.

In view of the above, **I DENY** the appeal.

**AZUMA NISHI**
Reporting Judge

This document is a copy of the original one electronically signed by EDUARDO AZUMA NISHI attached on the case file on 06/26/2018 at 5:51 PM.
To check the original one, access the site on
https://esaj.tjsp.jus.br/pastadigital/sg/abrirConferenciaDocumento.do enter case file 201947 93.2018.8.26.0000 and code 8D51491.

**INSCRIÇÃO – RG: 35.337.471-4 – CPF: 941.141.538-53 – PMSP (ISS) 2.154.680-0**



**REPÚBLICA FEDERATIVA DO BRASIL**
**ESTHER EVA HOROVITZ**
Tradutora Pública Juramentada nos Idiomas: <u>INGLÊS – ESPANHOL – FRANCÊS</u>
Matrícula nº 887 na Junta Comercial do Estado de São Paulo
Av. Paulista, 352 – 8°Andar – CEP: 01310-000
Telefone/Fax: (11) 3287-3200 – São Paulo – SP

| LIVRO Nº 119 | FOLHA Nº 312 | TRADUÇÃO Nº 6112 |
|---|---|---|

Interim Appeal # 2019474-93.2018.8.26.0000 - São Paulo - OPINION # 7370

Nothing further, **I CERTIFY** that the preceding is a true, faithful and unabridged rendering into English of the original Portuguese version. In witness whereof, I set my hand and seal, on the date and in the city first mentioned.

São Paulo, 08 de março de 2019

**ESTHER EVA HOROVITZ**
**TRADUTORA JURAMENTADA**

CT – 9.168





INSCRIÇÃO - RG: 35.337.471-4 – CPF: 941.141.538-53 – PMSP (ISS) 2.154.680-0

fls. 711



**TRIBUNAL DE JUSTIÇA**
PODER JUDICIÁRIO
São Paulo

**Registro: 2018.0000478919**

**ACÓRDÃO**

Vistos, relatados e discutidos estes autos de Agravo de Instrumento nº 2019474-93.2018.8.26.0000, da Comarca de São Paulo, em que é agravante DIÁRIO DE SÃO PAULO COMUNICAÇÕES LTDA, é agravado SATIRO E RUIZ ADVOGADOS ASSOCIADOS.

**ACORDAM**, em 1ª Câmara Reservada de Direito Empresarial do Tribunal de Justiça de São Paulo, proferir a seguinte decisão: "Negaram provimento ao recurso. V. U.", de conformidade com o voto do Relator, que integra este acórdão.

O julgamento teve a participação dos Exmos. Desembargadores ALEXANDRE LAZZARINI (Presidente sem voto), FORTES BARBOSA E HAMID BDINE.

São Paulo, 20 de junho de 2018

**AZUMA NISHI**

**RELATOR**

**Assinatura Eletrônica**

Este documento é cópia do original, assinado digitalmente por EDUARDO AZUMA NISHI, liberado nos autos em 26/06/2018 às 17:51 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/sg/abrirConferenciaDocumento.do, informe o processo 2019474-93.2018.8.26.0000 e código 8D51491.

fls. 712



**TRIBUNAL DE JUSTIÇA**
PODER JUDICIÁRIO
São Paulo

**AGRAVO DE INSTRUMENTO Nº 2019474-93.2018.8.26.0000**

COMARCA: SÃO PAULO – 2ª VARA DA FALÊNCIA E RECUPERAÇÕES JUDICIAIS

AGRAVANTE: DIÁRIO DE SÃO PAULO COMUNICAÇÕES LTDA.

AGRAVADO: SATIRO E RUIZ ADVOGADOS ASSOCIADOS

**Voto nº 7370**

**AGRAVO DE INSTRUMENTO.** FALÊNCIA. EXTENSÃO DOS EFEITOS. Formação de grupo econômico devidamente demonstrada nos autos. Intrincada relação societária entre as empresas, além de confusão patrimonial, gerencial e laboral entre as sociedades, que transcende o objetivo de mera redução de custos da atividade empresarial. DECISÃO MANTIDA. RECURSO DESPROVIDO.

Vistos.

1.Trata-se de agravo de instrumento contra decisão que acolheu o pedido de extensão dos efeitos da falência de **MINUANO COMUNICAÇÕES E PRODUÇÕES EDITORIAIS LTDA.**, para DECRETAR A FALÊNCIA da ora agravante, **DIÁRIO DE SÃO PAULO COMUNICAÇÕES LTDA.**, bem como da **EDITORA FONTANA LTDA** e **CEREJA SERVIÇOS DE MÍDIA DIGITAL LTDA.**

2.Alega a recorrente que, nos termos do artigo 81 da Lei n.º 11.101/05, há apenas um requisito objetivo para que seja possibilitada a extensão dos efeitos da falência, qual seja, que os sócios da falida tenham responsabilidade ilimitada. Contudo, a ora agravante é sociedade empresária por responsabilidade limitada e não é sócia da falida. Entende que a extensão dos efeitos da falência é norma restritiva de direitos, de modo que sua interpretação deve ser restritiva.

Aduz que o caso presente envolve *"grupamento*

Agravo de Instrumento nº 2019474-93.2018.8.26.0000 - São Paulo - VOTO Nº 7370

Este documento é cópia do original, assinado digitalmente por EDUARDO AZUMA NISHI, liberado nos autos em 26/06/2018 às 17:51.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/sg/abrirConferenciaDocumento.do, informe o processo 2019474-93.2018.8.26.0000 e código 8D51491.

fls. 713



**TRIBUNAL DE JUSTIÇA**
PODER JUDICIÁRIO
São Paulo

vertical", no qual há "*reunião de empresas que fornecem matéria-prima, distribuição, compartilhamento de back office, redução de custos fixos, ensejando o fenômeno da concentração de pluralidade ou do grupo de sociedades*" (p. 15, último parágrafo). Ressalta, entretanto, que há autonomia jurídica entre as pessoas jurídicas, bem como que nunca houve atuação com o objetivo de fraudar a lei ou prejudicar credores.

Afirma que é cabível a apuração da responsabilidade do administrador ou controlador e que seja apurada no próprio juízo falimentar, mas não o impedimento do funcionamento da empresa que sequer estava sujeita a seu controle, reportando-se ao artigo 50 do Código Civil.

Requereu a concessão de efeito suspensivo à decisão agravada, a fim de que as atividades empresariais sejam retomadas pelo seu atual administrador, Luis Cezar Romera Garcia, até o julgamento do recurso, com o comprometimento de prestar contas de sua gestão ao juízo e administrador judicial.

3.Foi deferido o efeito suspensivo pleiteado, conforme decisão de lavra do Desembargador HAMID BDINE (pp. 255/258).

4.Houve manifestação do administrador judicial (pp. 265/282) e parecer da Procuradoria Geral de Justiça, no sentido do improvimento do recurso, às pp. 707/708.

**É o relatório do necessário.**

5.Preliminarmente, destaco que é irrelevante que não se tenham configurado os requisitos do artigo 81 da Lei n.º 11.101/05, que prevê a extensão dos efeitos da falência aos sócios com responsabilidade ilimitada, visto que, conforme amplamente discutido na decisão agravada, o fundamento para a extensão no caso concreto se deveu à constatação da existência de grupo econômico com a participação, dentre outras sociedades, da agravante e da falida.

6.Quanto à questão atinente à formação do grupo econômico, o Superior Tribunal de Justiça já se manifestou no sentido de que, "*para além de seus contornos fáticos, a coligação consubstancia um conceito societário. A coligação se caracteriza, essencialmente, na influência*

Este documento é cópia do original, assinado digitalmente por EDUARDO AZUMA NISHI, liberado nos autos em 26/06/2018 às 17:51. Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/sg/abrirConferenciaDocumento.do, informe o processo 2019474-93.2018.8.26.0000 e código 8D51491.



**TRIBUNAL DE JUSTIÇA**
PODER JUDICIÁRIO
São Paulo

*que uma sociedade pode ter nas decisões de políticas financeiras ou operacionais da outra, sem controlá-la. Antigamente, a Lei das S/A dispunha, em seu art. 243, §1º, acerca de um montante fixo de participação no capital para que fosse automaticamente caracterizada coligação entre empresas. Dizia que "são coligadas as sociedades quando um participa, com 10% (dez por cento) ou mais, do capital da outra, sem controlá-la". Esse percentual, contudo, era fixado para estabelecer, consoante a disposição contida no caput desse artigo, a obrigatoriedade de menção dos investimentos nessa sociedade no relatório anual da administração. Na prática, contudo, independentemente de um percentual fixo, o conceito de coligação está muito mais ligado a atitudes efetivas que caracterizem a influência de uma sociedade sobre a outra. Há coligação, por exemplo, sempre que se verifica o exercício de influência por força de uma relação contratual ou legal, e em muitas situações até mesmo o controle societário é passível de ser exercido sem que o controlador detenha a maioria do capital social."[1]*

7.No caso presente, a decisão agravada decretou a falência da EDITORA FONTANA LTDA., CEREJA SERVIÇOS DE MÍDIA DIGITAL LTDA. e DIÁRIO DE SÃO PAULO COMUNICAÇÕES LTDA., em extensão aos efeitos da falência de MINUANO COMUNICAÇÕES E PRODUÇÕES EDITORIAIS LTDA.

A ora agravante, **DIÁRIO DE SÃO PAULO**, se insurgiu por meio do presente recurso, sob a alegação de que o caso concreto envolve "grupamento vertical", de modo que as personalidades jurídicas e autonomia das empresas estão preservadas, além de nunca ter havido atuação com o objetivo de fraudar a lei ou prejudicar credores.

Neste ponto, cabe ressaltar que por ocasião do agravo de instrumento n.º 2171657-83.2017.8.26.0000, anteriormente interposto, já se havia constatado a existência de fortes indícios de dissipação de ativos:

*"Ademais, conquanto o Diário de São Paulo não ostentasse o título de falido por ocasião das negociações travadas, não se pode olvidar que o caso em comento apresenta peculiaridades que devem ser levadas em consideração. Como é cediço, o Grupo Fontana reúne, sob a forma de grupo econômico, além da falida Minuano, as empresas Diário de São Paulo e Cereja. Sabe-se, ainda, que desde a época do fracassado requerimento de recuperação judicial, perante a Comarca de Jarinu, pendem sobre a atuação do Grupo Fontana (e respectivas empresas)*

---

[1] REsp 1.259.018/SP, Rel. NANCY ANDRIGHI, j. 09.08.11.

Este documento é cópia do original, assinado digitalmente por EDUARDO AZUMA NISHI, liberado nos autos em 26/06/2018 às 17:51.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/sg/abrirConferenciaDocumento.do, informe o processo 2019474-93.2018.8.26.0000 e código 8D51491.

fls. 715



**TRIBUNAL DE JUSTIÇA**
PODER JUDICIÁRIO
São Paulo

*suspeitas de fraudes e irregularidades. Com efeito, fatos noticiados tanto pelo administrador judicial da recuperação quanto da falência - ambos auxiliares do Juízo e com credibilidade, em princípio, absolutamente ilibada dão conta da gravidade da situação, que parece envolver inatividade empresarial, além de indícios de dissipação de ativos a valores irrisórios e desvio de bens pelos atuais administradores.*

*Tais informações, trazidas por ambos os administradores judiciais, não só podem como devem ser levadas em consideração pelo Julgador na formação de sua convicção, cuja cognição é ampla, especialmente quando há suspeita de irregularidade. No caso vertente, os indícios são veementes e as provas, possivelmente, virão com o tempo."*

8.No mais, a decisão agravada foi minuciosa ao analisar a existência de confusão *(i)* societária; *(ii)* patrimonial; *(iii)* gerencial; e *(iv)* laboral.

Quanto à confusão societária, *"a Minuano tem 99,99% do seu capital social detido por Nilson Fuiz Festa e 0,01% por Editora Fontana. A Editora Fontana, por seu turno, tem a titularidade de suas quotas detidas em 88,05% pela Cereja Serviços de Mídia Digital Ltda., em 11,91% pela Minuano e em 0,04% por Nilson Luiz Festa. A Cereja Serviços de Mídia Digital tem suas quotas detidas em 91,5% pela Minuano e 9% por Luiz Cezar Romera Garcia, que é sucessor de Nilson Festa somente a partir de 23/03/2017. O Diário de São Paulo tem suas cotas detidas pela Minuano e por Luiz Cezar Romera Garcia, desde março de 2017"* (p. 49).

Além da intrincada relação societária, foi constatada confusão patrimonial, envolvendo a sede da agravante - que está registrada em nome da falida -, maquinários, estoque, veículos, observando-se a ausência de cobrança de aluguéis entre as pessoas jurídicas.

Ademais, a administração financeira era feita por um único diretor financeiro, Fernando Mattos, que movimentava todas as contas bancárias das sociedades, constatando-se, inclusive a determinação, pelo departamento jurídico da agravante, de pagamento pela Editora Fontana de funcionários, em razão de acordo trabalhista.

A decisão analisou, ainda, a confusão laboral, uma vez que funcionário do Diário de São Paulo realizou inventário dos ativos da Minuano.

Este documento é cópia do original, assinado digitalmente por EDUARDO AZUMA NISHI, liberado nos autos em 26/06/2018 às 17:51 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/sg/abrirConferenciaDocumento.do, informe o processo 2019474-93.2018.8.26.0000 e código 8D51491.

fls. 716



**TRIBUNAL DE JUSTIÇA**
PODER JUDICIÁRIO
São Paulo

9.Por fim, para espancar qualquer dúvida acerca da formação do grupo econômico, *"o pedido anterior de recuperação judicial foi realizado em conjunto entre a Editora Fontana e a Minuano, com a exposição de que a Editora Fontana somente foi criada com o propósito de atender à demanda de impressão da Editora Minuano. Nos autos principais da falência, a fls. 215/223, a falida confessa pertencer ao Grupo Fontana, o qual seria integrado pela Editora Fontana Ltda., pelo Diário de São Paulo e pela Cereja Serviços de Mídia Digital Ltda"* (p. 51).

10.     Diante de tal quadro, impossível o acolhimento das alegações da recorrente, visto que os fundamentos principais da decisão, relativos à confusão entre as sociedades, não foram especificamente impugnados, pretendendo a agravante afastá-los sob o argumento de que a reunião das empresas se deu para a redução de custos, ao passo que os elementos constantes dos autos demonstram a existência de verdadeiro grupo econômico, onde há confusão societária, patrimonial, gerencial e laboral.

Ante o exposto, **NEGO PROVIMENTO** ao recurso.

**AZUMA NISHI**
Desembargador Relator

Este documento é cópia do original, assinado digitalmente por EDUARDO AZUMA NISHI, liberado nos autos em 26/06/2018 às 17:51.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/sg/abrirConferenciaDocumento.do, informe o processo 2019474-93.2018.8.26.0000 e código 8D51491.

Esther Eva Horovitz
Tradutora Pública
Inglês - Espanhol - Francês
Nº 6212 Data 08/03/19
Av. Paulista, 352 - 8º andar - Bela Vista
São Paulo - SP  -  CEP 01310-000
Tel.: (11)  3287-3200

# **<u>EXHIBIT B</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

MINUANO COMUNICAÇÕES E PRODUÇÕES            Chapter 15
EDITORIAS LTDA., DIÁRIO DE SÃO PAULO
COMUNICAÇÕES LTDA., EDITORA FONTANA        Case No.:
LTDA., AND CEREJA SERVIÇOS DE MIDIA
DIGITAL LTDA.

    Debtors in a Foreign Proceeding.
_____/

### RULE 7007.1 CORPORATE OWNERSHIP STATEMENT

Joice Ruiz Bernier (the "Foreign Representative"), the duly appointed foreign representative of Minuano Comunicações e Produções Ltda., Diário de São Paulo Comunicções Ltda., Editora Fontana Ltda., and Cereja Serviços de Midia Digital Ltda. (collectively, the "Debtors"), hereby discloses the following:

    1.    There are no entities that directly or indirectly own 10% or more of any class of the Debtors' equity interest.

    2.    The corporate ownership of the Debtors is as follows:

        A.  Minuano Comunicações e Produções Ltda. ("Minuano") is owned 99.9990% by Nilson Luiz Festa, and 0.0010% by Editora Fontana Editora Ltda.;

        B.  Editora Fontana Editora Ltda. is owned 88.0416% by Cereja Serviços de Midia Digital Ltda., 11.9164% by Minuano, and 0.0418% by Nilson Luiz Festa;

        C.  Cereja Serviços de Midia Digital Ltda. is owned 91.5533 % by Minuano and 8.4474% by Luiz Cezar Romera Garcia; and

        D.  Diário de São Paulo Comunicações Ltda. is owed 88.0845% by Luiz Cezar Romera Garcia and 11.9154% by Minuano.

## 28 U.S.C. § 1746 VERIFICATION

I verify under penalty of perjury under the laws of the United States of America that the
foregoing Corporate Ownership Statement is true and correct.

Executed in _____ on September _____, 2019

_____
Joice Ruiz Bernier

Dated: September 25, 2019

Respectfully submitted,

**SEQUOR LAW, P.A.**
1001 Brickell Bay Dr., 9th Floor
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
Email: alacayo@sequorlaw.com
        bdecamargo@sequorlaw.com

By:    /s/ Arnoldo B. Lacayo
       Arnoldo B. Lacayo
       Florida Bar No.: 675482
       Bruno de Camargo
       Florida Bar No.: 117588



Page **2** of 2

# **<u>EXHIBIT C</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

MINUANO COMUNICAÇÕES E PRODUÇÕES
EDITORIAS LTDA., DIÁRIO DE SÃO PAULO
COMUNICAÇÕES LTDA., EDITORA FONTANA
LTDA., AND CEREJA SERVIÇOS DE MIDIA
DIGITAL LTDA.

Chapter 15

Case No.:

      Debtors in a Foreign Proceeding.
_____/

**ORDER GRANTING RECOGNITION OF FOREIGN
MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 OF
THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF**

This matter came on for hearing on March 26, 2019 (the "Hearing"), upon the Verified

Petition for Recognition of Foreign Main Proceeding Pursuant To §§1515 and 1517 and supporting

Declaration of Joice Bernier Ruiz ("Foreign Representative"), the duly appointed Foreign

Representative of Minuano Comunicações e Produções Ltda., Diário de São Paulo Comunicações

Ltda., Editora Fontana Ltda., and Cereja Serviços de Mídia Digital Ltda. (the "Debtors") (the

"Verified Petition")[1] [ECF No. 2], seeking recognition and related relief pursuant to Chapter 15 of

the Bankruptcy Code of the Debtor's court-approved bankruptcy pending before the Second

Bankruptcy Court for Central Civil Court in the District of São Paulo, São Paulo, Brazil (the

"Brazilian Court"), Case No. 1108283-38.2016.8.26.0100 (the "Brazilian Proceeding").  The

Court, having considered the Verified Petition, the supporting Declaration, and their respective

attachments, the argument of counsel, and being otherwise duly informed, the Court makes the

---

    [1]   Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in
the Verified Petition.

following Order.

The Court finds:

A.    Due and timely notice of the filing of the Chapter 15 Petition and the Hearing was given by the Foreign Representative as directed by this Court.

B.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

C.    Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

D.    This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

E.    The Foreign Representative qualifies as a "foreign representative" as defined in 11 U.S.C. §101(24).

F.    This Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1515 and 1517.

G.    Foreign Representative has met the requirements of 11 U.S.C. §§ 1515(b), 1515(c), 1515(d), and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

H.    The Brazilian Proceeding is a foreign proceeding under 11 U.S.C. §§ 101(23) and 1502(4).

I.    The Brazilian Proceeding is entitled to recognition by this Court under 11 U.S.C. § 1517.

J.    The Brazilian Proceeding is pending in the city of São Paulo, in the State of São Paulo, Brazil.  Brazil is the country where the Debtors have their centers of main interests and, accordingly, the Brazilian Proceeding is a foreign main proceeding under 11 U.S.C. § 1502(4), entitled to recognition as a foreign main proceeding under 11 U.S.C. § 1517(b)(1).

K.     The Foreign Representative is entitled to all relief provided under 11 U.S.C. § 1520.

L.     The Foreign Representative is further entitled to the relief expressly set forth in 11 U.S.C. § 1521.

M.     The relief granted by this Order is necessary and appropriate, in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to 11 U.S.C. § 1521 and will not cause any hardship to the creditors of the Debtors or other parties that is not outweighed by the benefits of the relief being granted.

Accordingly, it is ORDERED AND ADJUDGED that:

1.     The Brazilian Proceeding is granted recognition as a "foreign main proceeding" under 11 U.S.C. § 1517.

2.     The Brazilian Proceeding and the Orders of the Brazilian Court shall be given full force and effect and be binding on and enforceable in the United States against all persons and entities.  This includes without limitation, the Orders attached to the Verified Petition commencing the Brazilian Proceeding and appointing the Foreign Representative as Judicial Administrator and Foreign Representative.

3.     The Foreign Representative is entrusted with the full administration and realization of all or a part of the estate and assets of the Debtors within the territorial jurisdiction of the United States.

4.     The Foreign Representative shall have the authority to act independently to carry out any of the duties and powers granted by this Order.

5.     The provisions of 11 U.S.C. § 1520 apply to this proceeding.

6.     All persons and entities are stayed from commencing or continuing any action or proceeding concerning the assets, rights, obligations or liabilities, of the Debtors or the Debtors' bankruptcy estate located in the United States.

7.      All persons and entities are stayed from executing against the assets of the Debtors or the Debtors' bankruptcy estate located in the United States.

8.      All persons and entities are prohibited from transferring, encumbering or otherwise disposing of, any assets of the Debtors or the Debtors' bankruptcy estate located in the United States.

9.      All persons and entities provided notice of this Order who are in possession, custody or control of property, or the proceeds thereof, of the Debtors or the Debtors' bankruptcy estate, located within the territorial jurisdiction of the United States, shall immediately advise the Foreign Representative by written notice sent to the following addresses:

Attn: Joice Ruiz Bernier
AJ Ruiz Consultoria Empresarial Ltda.
Rua Lincoln Albuquerque, 259, CJ. 131
Perdizes, São Paulo, São Paulo, Brazil
CEP 05004-010

With a copy to:

Attn: Arnoldo Lacayo
Bruno de Camargo
Sequor Law, P.A.
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131

which written notice shall set forth: (i) the nature of such property or proceeds; (ii) when and how such property or proceeds came into the custody, possession or control of such person or entity; and (iii) the full identity and contact information for such person or entity.  The Foreign Representative shall file with the Court a Certificate of Service listing all persons or entities to whom he has provided notice of this Order.

10.     The Foreign Representative is authorized to examine witnesses, take evidence or seek the delivery of information concerning the assets, affairs, rights, obligations or liabilities of

the Debtors or the Debtors' bankruptcy estate pursuant to §1521(a)(4), the Federal Rules of Bankruptcy Procedure, including without limitation the procedure of Fed. R. Bankr. P. 2004 and Local Rule 2004-1, without further order of this Court.

11.     The Foreign Representative is further authorized to operate and may exercise the powers of a trustee under, and to the extent provided by 11 U.S.C. §§ 363 and 552.

12.     This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by any person or entity for relief from the provisions of this Order.

13.     This Court shall retain jurisdiction with respect to the administration, realization, and distribution of the assets of the Debtors within the territorial jurisdiction of the United States.

14.     The Foreign Representative is directed to serve a true and correct copy of this Order by electronic filing via the CM/ECF system with the Clerk of Court upon those persons or entities who have appeared by counsel and requested electronic notification of filings in this case and United States mail, first class postage prepaid, upon any other known creditors in the United States, and any other person or entity known to have dominion and control over assets of the Debtors in the United States, all of which shall be sufficient to give notice of this Order.

# # #

Submitted by:

Arnoldo Lacayo, Esq.
Bruno de Camargo, Esq.
SEQUOR LAW
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
Telephone:     305-372-8282
Facsimile:     305-372-8202
E-Mail:     alacayo@sequorlaw.com
              bdecamargo@sequorlaw.com